**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**

| | | |
|---|---|---|
| PAULETTE FOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-05-009 |
| AMERICAN MEDICAL SECURITY, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS UNITED WISCONSIN LIFE INSURANCE COMPANY, AMERICAN MEDICAL SECURITY, INC. AND AMSOUTH BANK'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

COMES NOW the Plaintiff, Paulette Foston, and files the following Objection to United Wisconsin Life Insurance Company, American Medical Security and AmSouth Bank's Motion to Dismiss. In support of said objection, the Plaintiff would state unto this Court as follows:

1. As to 12 (b)(6) dismissals, the Supreme Court of Alabama has stated:

> The appropriate standard of review under 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. In making this determination, [a court] does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. We note that a 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.

*Nance by and through Nance v. Matthews*, 622 So.2d 297, 299 (Ala. 1993) (citations omitted).

2. In their memorandum in support of their Motion to Dismiss, the Defendants United Wisconsin and American Medical argue that the Plaintiff's Complaint should be dismissed because the Plaintiff's claims are primarily within the jurisdiction of the Alabama Department of Insurance, that the Plaintiff's fraud claims must be dismissed because as a matter of law the Defendants had no

duty to disclose how the insurance premiums are calculated, that the fraud claims are barred by the Alabama two (2) year statute of limitations, that the Plaintiff's negligent, wanton, and reckless conduct claims are time barred and that the Plaintiff's breach of contract claim must be dismissed because the Plaintiff's allegations fail to set forth which provisions of the contract were breached by the Defendants. In arguing in favor of their Motion to Dismiss, the Defendants mischaracterize the law in the state of Alabama and ignore the clear mandate of the Alabama Supreme Court that pursuant to Alabama law Motions to Dismiss should be rarely granted. *Winn Dixie Montgomery, Inc. v. Henderson*, 371 So. 2d. 899 (Ala. 1979).

3. A heavy burden is imposed upon a party seeking a 12 (b)(6) dismissal. A Rule 12(b)(6) dismissal should be very sparingly granted. See *Garrett v. Hadden*, 495 So. 2d 616 (Ala. 1986). Moreover, trial judges "should be especially reluctant to dismiss a case on the pleadings [or in response to a 12(b)(6) motion] when the theory of liability is novel and untested, because the better approach is to permit the development of a factual record." *Roberts v. Meeks,* 397 So. 2d. 111, 114 (Ala. 1981) (citations omitted). The Plaintiff alleges claims for fraud, fraudulent suppression, breach of contract and negligent, reckless and wanton conduct against these Defendants. Under Alabama law, the Plaintiff has stated viable causes of action that would entitle her to recover damages from the Defendants, if she proves the alleged facts. See *Alabama Pattern Jury Instructions*, §10.01- 10.06, 20.37 - 20.39, 28.00 - 28.06, 29.00 and 18.00 - 18.10. Therefore, the Defendants are not entitled to a 12(b)(6) dismissal.

4. Defendants assert that the Plaintiff's Complaint must be dismissed because the Plaintiff's claims are within the primary jurisdiction of the Alabama Department of Insurance. In making said argument, the Defendants argue that the Alabama Department of Insurance is the proper

forum to hear the Plaintiff's claims under the doctrine of primary jurisdiction. Further, the Defendants seem to argue that this Complaint is based on unfair trade practices that would fall within the scope of the Alabama trade practices law. In making their argument, the Defendants rely upon the decision of *Jackson v. United Wisconsin*, No. Civ. 98-103, (Ala. Cir. Ct. Bullock County, April 27, 2001). Based on that particular decision, the Defendants argue that the Plaintiff's claims should be dismissed without prejudice, where the Plaintiff has supposedly not exhausted her administrative remedies before filing this action.

5. The Defendants' argument that the Plaintiff's Complaint must be dismissed because the claims are within the primary jurisdiction of the Alabama Department of Insurance is both confused and misguided. In *Jackson v. United Wisconsin Life Insurance Company, et al.*, the Court determined that it did not have jurisdiction to hear that matter under Title 27 of the *Alabama Code* where the Plaintiff had failed to exhaust his administrative remedies through the Alabama Department of Insurance. Therefore, the matter was dismissed without prejudice so that the Plaintiff could file a Complaint with the Alabama Department of Insurance. However, this decision upon which the Defendants rely is not consistent with the decisions of the Alabama Supreme and the other courts of this state. First of all, the Plaintiff would note to this Court that other plaintiffs have brought causes of action similar to the Plaintiff's and those courts have entertained those cases without dismissing those actions for administrative proceedings. See *Curtis Davis v. American Medical Security, Inc., et al.*, No. CV 03-440-WHR, (Ala. Circ. Ct. Etowah County) and *Patterson v. American Medical Security, Inc., et al.*, No. CV- 02-103, (Ala. Cir. Ct. Marengo County, May 29, 2002) (Exhibit A).

6. In addition to the fact that the courts of this state have heard similar causes of actions

against these same Defendants, decisions of the Alabama Supreme Court recognize that primary jurisdiction would not exist with the Alabama Department of Insurance over the Plaintiff's current claims. *Birmingham Hockey Club, Inc. v. National Council Compensation Insurance, Inc.*, 827 So. 2d. 73 (Ala. 2002). The Birmingham Hockey Club in 1996 sued Liberty Mutual, Inc. and two (2) individual insurance brokers and their employer, alleging fraud, deceit, suppression and negligence and also asserted various class action allegations. BHC claimed that the brokers and their employers had represented to BHC that it was purchasing a worker's compensation policy and an employer's liability policy from Liberty Mutual. BHC claimed that NCCI had arbitrarily increased rates for worker's compensation and employer's liability policies and that Liberty Mutual wrongly charged and increased the rates. BHC made no attempts to bring its allegations before the insurance commissioner before it filed its action. Liberty Mutual and NCCI filed Motions to Dismiss arguing that the insurance commissioner had primary and exclusive jurisdiction over BHC's claims. Subsequently, the trial court dismissed BHC's claims against the Defendant. On appeal, the Alabama Supreme Court addressed the Doctrine of Primary Jurisdiction. The Court stated that under the Doctrine of Primary Jurisdiction, when a claim is properly before the court and nonetheless falls within the particular expertise of a governmental agency, the court has the option of retaining jurisdiction, dismissing the case without prejudice, staying the proceedings, retaining jurisdiction or referring the matter to that agency for an administrative ruling. The Alabama Supreme Court further discussed that the trial court should not dismiss a case under the Primary Jurisdiction Doctrine when the doctrine is invoked when a claim is properly before the court and nonetheless falls within particular expertise of a government agency and/or the dismissal would unfairly disadvantage a party. The Alabama Supreme Court vacated the trial court's judgment of dismissal pertaining to

BHC's claims that NCCI wrongly increased premium rates above those approved by the insurance commissioner because a dismissal would unfairly disadvantage BHC.

7. Clearly, under the *Birmingham Hockey Club* decision, the Plaintiff's claims should not be dismissed even if this Court were to determine that the claims fall under the Doctrine of Primary Jurisdiction. However, the Plaintiff would assert to this Court that the Primary Jurisdiction Doctrine does not apply under the circumstances of the current case. In *Budget Inn of Daphne, Inc. v. City of Daphne,* 789 So. 2d. 154 (Ala. 2000), the Alabama Supreme Court addressed the Primary Jurisdiction Doctrine and whether the Plaintiff had exhausted all necessary administrative remedies before filing suit. The Court determined that an analogous doctrine, the Doctrine of Exhaustion of Administrative Remedies, did not apply when (1) the question raised is one of interpretation of the statute, (2) the action raises questions of law and not matters requiring administrative discretion or an administrative finding of fact, (3) the exhaustion of the administrative remedies would be futile and/or the available remedy is inadequate, or (4) where there is a threat of irreparable injury.

8. Clearly, the facts of this case would indicate that the Doctrine of Administrative Remedies would not apply. This action raises questions of law and not matters requiring administrative discretion or administrative findings of fact. The Complaint is based on state law causes of action, which are recognized by the Alabama state courts. The Plaintiff is not attempting to bring a class action whereby she changes the system of insurance policies and rates with the Alabama Department of Insurance. In this case, all the Plaintiff is doing is suing the Defendant who fraudulently, negligently, wantonly, and recklessly harmed the Plaintiff and who breached its contract of insurance with the Plaintiff. Further, exhaustion of administrative remedies in this case would be futile and inadequate to compensate the Plaintiff for her damages. The Defendants assert

in their brief that in 1999, the Alabama Department of Insurance, pursuant to the Alabama Trade Policy Act, investigated this type of policy sold by the Defendants. However, the Plaintiff asserts to this Court that an investigation by the Alabama Department of Insurance four (4) years ago has not resulted in outlawing or changing the fraudulent practices of these Defendants, which have damaged the Plaintiff. Further, the remedy of using the Alabama Department of Insurance is inadequate to compensate the Plaintiff for the fraudulent conduct committed by the Defendants in the selling of the health insurance policy forming the basis of this Complaint. Further, if this action was dismissed, there would be a threat of irreparable injury to the Plaintiff. The threat of irreparable injury to the Plaintiff would be that if this action was dismissed with prejudice, the Plaintiff would be prevented from ever pursuing a cause of action against these Defendants for their fraudulent conduct. However, even if this action was dismissed without prejudice, the Plaintiff's statute of limitations, if it has not already run, would run in the very near future. Clearly, examining the *Daphne* case, the Plaintiff was not required to exhaust the administrative remedies of the Alabama Department of Insurance before filing this action. See also, *Monroe v. Valhalla Cemetery, Co. Inc.*, 749 So. 2d. 470 (Ala. Civ. App. 1999).

9. The Defendants argue that the Plaintiff's fraud claims must be dismissed as a matter of law because the Defendants had no duty to disclose to the Plaintiff how the insurance premiums were calculated. Essentially, the Defendants are making a summary judgment argument. Contrary to the Defendants' assertions, this particular argument is a question that should be decided by a jury and certainly not on 12(b)(6) Motion to Dismiss. See *Garrett v. Hadden*, 495 So. 2d. 616 (Ala. 1986). Additionally, as previously stated in this brief, the Plaintiff should be given an opportunity to develop a factual record to determine what information the Defendants had a duty to disclose to

the Plaintiff. *Roberts v. Meeks*, 397 So. 2d. 111 (Ala. 1991).

10. A fraud action is subject to a two (2) year statute of limitations. The statute for a fraud claim begins to run when the Plaintiff discovers the fraud or should have discovered the fraud through the exercise of reasonable care. In the current Motion to Dismiss, the Defendants argue that the Plaintiff's claims are time barred because the Plaintiff has failed to satisfy her burden of proving facts that would toll the statute of limitations and that the Plaintiff must allege the time and discovery of the alleged fraud in order to successfully assert that the statute of limitations has been tolled. In her Complaint, the Plaintiff very clearly alleges the Defendants substantially raised her insurance rates after the Plaintiff had sought routine medical care. Consequently, the Plaintiff clearly states the Defendants committed their actionable fraudulent conduct against the Plaintiff. Consequently, the statute of limitations would begin to run on the Plaintiff's claims in 2004. Further, the Plaintiff's claims did not accrue in 1996 when she purchased this particular policy. As stated by the Alabama Supreme Court, a cause of action accrues for the purpose of filing a claim when the Plaintiff knows or in the exercise of reasonable diligence, should have known of the facts indicating his injury. *Green v. CSX Transportation, Inc.*, 2002 WL 1998242 (Ala. 2002). The Plaintiff did not have an actionable injury until 2004 when she received a class action notice, and, therefore, until that actionable injury had occurred, the Plaintiff could not have brought her cause of action. *Williams v. Indianapolis Life Insurance Co.*, 741 So. 2d. 157 (Ala. 1999) and *Stringfellow v. State Farm Life Insurance Co.*, 743 So. 2d. 439 (Ala. 1999). Consequently, the Plaintiff's fraud claims are not barred by the statute of limitations.

11. The Plaintiff's claims for negligent, reckless and wanton conduct are not time barred. Decisions such as *Williams v. Indianapolis Life Insurance Co.*, 741 So. 2d. 157 (Ala. 1999);

*Stringfellow v. State Farm Life Insurance Co.*, 743 So. 2d. 439 (Ala. 1999); *DeArman v. Liberty National Life Insurance Co.*, 786 So. 2d. 1190 (Ala. 2000); and *Ford Motor Company v. Rice*, 746 So. 2d. 626 (Ala. 1998), indicate that the statute of limitations would not run on the negligent, reckless and wanton conduct claims until the date that the Plaintiff suffered an actionable injury. If the Plaintiff had brought her claim in 1997 or 1998 alleging that her policy had been fraudulently tiered, the Defendants could have asserted that the Plaintiff had suffered no damage and that the Plaintiff had no indication that the Defendants would not perform as represented. Therefore, the Defendants' Motion to Dismiss is due to be denied where the Plaintiff did not suffer an actionable injury until 2004 and where she filed her complaint within two (2) years of that date.

12. Finally, the Defendants' assertion that the Plaintiff's breach of contract claims must be dismissed should be denied as well. In Count Five of the Plaintiff's properly plead state law Complaint, the Plaintiff has alleged valid grounds for her breach of contract allegations. The Plaintiff has stated that the Defendants committed a breach of contract by entering into a contract with the Plaintiff to sell her medical insurance and then negligently, recklessly and/or fraudulently increasing the premiums paid by the Plaintiff and other members of the group who had filed routine claims under their certificate, which was contrary to the contract with the Defendant. Looking at the facts of the Plaintiff's Complaint, the Plaintiff has alleged a valid state law cause of action for breach of contract. The Plaintiff had a valid insurance contract with the Defendant and the Plaintiff paid her premiums for the medical insurance coverage. The Defendant did not perform on the contract by raising the Plaintiff's premiums based on individual risk factors such as routine medical treatment; thus not performing under the contract causing the Plaintiff damage. Further, the Defendants again are making a motion for summary judgment argument. The Plaintiff's Complaint

clearly provides state law causes of action for breach of contract, fraud, fraudulent suppression, negligence, etc. against these Defendants. The Defendants' 12(b)(6) Motion to Dismiss should be denied.

13. The Defendants have presented to the Court an Order signed by the Honorable John Bush in a case known as *Sharon Jackson v. United Wisconsin Life Ins. Co., et al.*, in the Circuit Court of Bullock County, CV-98-103, in support of the Defendants' Motion to Dismiss on the basis that the filed-rate doctrine and the alleged exclusive jurisdiction of the Alabama Insurance Department requires dismissal of the Plaintiff's claim in this case.

14. In support of the Plaintiff's objection to the Motion to Dismiss, Plaintiff has attached hereto a copy of an identical motion to dismiss filed in *Evelyn Saucier v. United Wisconsin Life Ins. Co.*, in the Circuit Court of Mobile County, CV-01-1188-HYT (Exhibit B.) Attached as Exhibit C is a copy of the plaintiff's opposition in *Saucier v. United Wisconsin Life Ins. Co.*, including a memorandum brief which succinctly sets out similar arguments made by the Plaintiff in this case that the Alabama Insurance Department does not have exclusive jurisdiction of this matter and that the filed-rate doctrine is inapplicable.

15. On July 16, 2001, several months after Judge Bush's Order in the *Jackson v. United Wisconsin Life* case, the Honorable Herman Thomas, Circuit Judge in the Circuit Court of Mobile County, entered an Order (Exhibit D) denying the Defendants United Wisconsin Life and American Medical Security's motion to dismiss on the basis of the filed-rate doctrine and exclusive jurisdiction arguments.

16. Similarly, in *Peggy B. Beaty v. American Medical Security, et al.*, the Circuit Court of Barbour County, Alabama, Clayton Division, American Medical Security and United Wisconsin

Life filed a Motion for Summary Judgment asserting, among other things, the filed-rate doctrine and Insurance Department exclusive jurisdiction arguments. (See Exhibit E.)

17. This case was tried before the Honorable Burt Smithart, Circuit Judge of Barbour County, Alabama, Clayton Division. While there was not a specific written Order entered denying the summary judgment, the Plaintiff has attached as Exhibit F the case action summary sheet from *Beaty v. American Medical Security* indicating that this case was disposed of by settlement after a jury trial commenced. Plaintiff has been informed that Judge Smithart entered an oral Order denying the Motion for Summary Judgment and a similar Motion to Dismiss filed in the *Beaty v. American Medical Security* case. Judge Smithart's Order denying the summary judgment, on the same grounds relied on by the Defendants in this action, occurred after Judge Bush's Order in the *Sharon Jackson v. United Wisconsin Life* case as the case action summary sheet reflects that the case was settled on June 5, 2002, on the same day it was scheduled for trial. The case action summary sheet indicates that the "motions were resolved" on January 28, 2002 wherein Judge Smithart entered an Order denying the summary judgments and motions to dismiss.

18. Lastly, this Court should be made aware that in *Sharon Jackson v. United Wisconsin Life*, in light of Judge Bush's Order of April 2001, the case was dismissed and referred to the Alabama Insurance Department for disposition. Plaintiff's counsel has been informed that the Alabama Insurance Department has entered an Order (which the Plaintiff is attempting to obtain and will provide to the Court) which indicates that the Plaintiff had no remedy at the Insurance Department.

19. This position is supported by the fact that the *Sharon Jackson* case was refiled on August 21, 2002 in the Circuit Court of Bullock County, Alabama, as evidenced by Exhibit G, the

case action summary sheet in the newly filed action.

20. In her Complaint, the Plaintiff demands relief from AmSouth for more than breach of fiduciary duty as alleged by the Defendant in its Motion to Dismiss. Plaintiff specifically alleges that American Medical Security and United Wisconsin Life Insurance Company and its agents were acting as agents for AmSouth Bank as trustee of the Prescription for Good Health Trust. Based upon the information developed in similar lawsuits, a decision was made by the Defendants to locate an "insurance trust" in the state of Alabama and to market policies sold to the present Plaintiff through this trust arrangement. AmSouth voluntarily agreed to be the trustee. The "Prescription for Good Health Trust" was created for the benefit of individuals such as the Plaintiff and other plaintiffs who have sued AmSouth Bank, American Medical Security, United Wisconsin Life and their agents. The trustee and its delegee owed fiduciary duties, as a matter of law, to the trust beneficiaries, including the Plaintiff.

21. Under Alabama law, "[t]he first and all inclusive requirement of the law is that a trustee shall act with complete and undivided loyalty to his trust." *First Ala. Bank v. Martin*, 425 So.2d 415, 426 (Ala. 1982). "When referring to the duties of a trustee, all personal and selfish interests and all consideration of the interest of third parties must be excluded. His must be an undivided loyalty." *Jones v. Ellis*, 551 So.2d 396, 402 (Ala. 1989) (quoting *Henley v. B'ham Trust Nat'l. Bank*, 322 So.2d 688 (Ala. 1975)). It is a fundamental rule of law that a trustee must act in good faith and display complete loyalty to the interests of his beneficiaries. *Henley*, *supra,* at 692. The Supreme Court of Alabama wrote that "sound reasons support the doctrine that the conscience of the trustee is charged with an active obligation to effectuate the ends of the trust he had accepted." *Jones, supra*, at 402.

22. Discovery will establish that the "Prescription for Good Health Trust" agreement begins with a declaration that this is an agreement between "AmSouth, as trustee," and "participants who desire to become members of this trust subsequent to its execution." The Plaintiff and other plaintiffs were such participants and/or beneficiaries. The stated purpose of the trust is to "provide group insurance programs for the participants." AmSouth is "to procure contracts or insurance" and to "be the holder, owner and custodian of the contracts." AmSouth undertook the fiduciary duty to act in the best interest of the trust beneficiaries to provide them with group insurance opportunities and procure group insurance policies for the beneficiaries to purchase. This obligation ran from the date of the initial trust agreement until the last policy was sold under the trust arrangement. This was an ongoing and continuing obligation on the part of AmSouth Bank.

23. The Plaintiff and others have alleged that AmSouth breached its duty to provide group insurance coverage to trust beneficiaries such as them. The Plaintiff has also alleged that agents serving on behalf of AmSouth Bank have engaged in fraudulent conduct. The subject policies were sold using the Prescription for Good Health Trust Agreement, including AmSouth's name and reputation as the trustee. Yet, AmSouth allegedly utterly failed to protect the interests of the beneficiaries and effectuate the stated purpose of the trust.

24. Instead, it appears that AmSouth acted in the interest of third parties, including American Medical Security and United Wisconsin Life. AmSouth allowed the trust to be used in connection with the marketing of nongroup policies and failed to provide the promised group insurance benefits. It is not beyond doubt that the Plaintiff can never prove a set of facts that would allow her to prevail against AmSouth under the claims asserted.

25. The Plaintiff would also point out that in similarly filed lawsuits, similar Motions to

Dismiss filed by AmSouth were denied. (See Exhibit H, orders from various circuit judges denying said motions.)

WHEREFORE, the Plaintiff respectfully requests that this Court deny the Defendants United Wisconsin, American Medical Security and AmSouth Bank's Motion to Dismiss Plaintiff's Complaint where the Defendants have failed to establish that the Plaintiff can prove no set of facts to support her claims that would entitle her to relief and on the basis that the filed-rate doctrine and exclusivity arguments raised by the Defendants are inapplicable to this case and are without merit, particularly at this stage of the case. This is a 12(b)(6) motion, and such motions should be rarely granted as set forth and argued hereinabove.

Respectfully Submitted,

TED L. MANN
Attorney for Plaintiff,
Paulette Foston

OF COUNSEL:

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

Keith Thomas, Esq.
P. O. Box 830899
Tuskegee, AL 36083

James E. Fleenor, Jr., Esq.
Harlan F. Winn, III, Esq.
Michael J. Clemmer, Esq.
Battle, Fleenor, Green, Winn & Clemmer, LLP
Financial Center, Ste. 1150
505 N. 20th St.
Birmingham, AL 35203

This the 21 day of **February**, 2005.

OF COUNSEL

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.