IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| PAULETTE FOSTON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL SECURITY, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br>CV-05-009 |

**PLAINTIFF'S MOTION TO COMPEL**

COMES NOW the Plaintiff, Paulette Foston, and files this Motion to Compel the Defendants produce the certain individuals for deposition testimony in the above-styled cause and as grounds would state as follows:

1. The Plaintiff, on January 10, 2005, filed this action in the Circuit Court of Macon County.

2. On January 10, 2005, the Plaintiff filed deposition notices specifically requesting the testimony of the following individuals: Michael Zerbel, James Modaff, Tim Moore, John McVey, William May, Dawn Jadin and Sam Miller. These individuals are current employees of American Medical Security/United Wisconsin Life Insurance Company.

3. On February 11, 2005, the Defendants American Medical Security/United Wisconsin Life Insurance Company filed a Motion to Quash and for Protective Order.

4. The Defendants' basis for their objection to the depositions is that the Defendants should be allowed to select "corporate witnesses" who are to testify under the Alabama Rules of Civil Procedure. This flies in the face of the Alabama Rules of Civil Procedure.

5. Alabama Rule of Civil Procedure 30(a) states that after commencement of the action,

any party may take the testimony of any person, including a party, by deposition upon oral examination.

6. Rule 30(a) goes on to state that the party is not required to obtain leave of court to take a deposition of any person so long as the deposition does not occur prior to thirty days from service of the summons and complaint.

7. Plaintiff has complied with Rule 30(a) and 30(b)(1) by stating the name of the person to be deposed, the time of the deposition and place of its taking. The Plaintiff has informed defense counsel for American Medical Security/United Wisconsin Life Insurance Company that it will agree to take these depositions in Green Bay, Wisconsin and that we will work with them to find a mutually convenient time and date. To date, the Defendants have ignored the Plaintiff's request to take these depositions and have, in fact, moved to quash them.

8. Despite the Plaintiff's attempts to reconcile its differences regarding the taking of these depositions, the Defendants have indicated they will not produce individual current employees named by the Plaintiff in deposition notices for deposition testimony.

9. Other states have addressed this issue and have determined that it is well within the trial court's discretion and authority to compel a corporate defendant to produce current employees for testimony.

10. Other states addressed this issue and determined that it is well within the trial court's discretion and authority to compel a corporate defendant to produce current employees for deposition testimony. *See Ohio Casualty Ins. Co. v. Jackman*, 621 So.2d 531 (Fla. D.C. App. 1993); *Fronczak v. Zizzi*, 743 N.Y.Supp.2d 788 (2002); *Weiner v. Jewish Home & Hospital for Aged*, 663 N.Y.Supp.2d 195 (1997) (copies of opinions attached hereto as Exhibit A.)

11. But despite the Defendants' argument to the contrary and in light of the fact that most if not all of the individuals named in the Plaintiff's Notices of Deposition have been deposed previously, it can be hardly said that counsel for the Plaintiff does not have a good faith basis for believing these individuals possess critically relevant information to the Plaintiff's claims.

12. The Alabama Rules of Civil Procedure vest broad discretionary authority in the trial court to control the discovery process. *See Ex parte Nissei Sangyo America*, 570 So.2d 912 (Ala. 1991). The Alabama Supreme Court has held:

> It is well settled that rules on deposition and discovery are to be broadly and liberally construed.

*See Assured Investors Life Ins. Co. v. National Union Assn., Inc.*, 362 So.2d 228 (Ala. 1978).

13. In fact, the Defendants have attempted this same tactic in other cases pending in Alabama wherein they have objected to the depositions of specifically named individuals who are employed by these Defendants when their depositions were noticed. In *Sheri Littlefield v. American Medical Security* in the Circuit Court of Barbour County, Alabama, Clayton Division, the Honorable L. Bernard Smithart, Circuit Judge, ordered the Defendants to produce these current employees for deposition in Green Bay, Wisconsin. In fact, the Defendants appealed Judge Smithart's order by writ of mandamus. (See Order attached as Exhibit B.) This writ of mandamus was denied by the Supreme Court on March 24, 2004. (See Exhibit C.)

WHEREFORE, Plaintiff respectfully asks this Court enter an order compelling the Defendants produce the aforementioned individuals for deposition testimony in the above-styled cause.

TED L. MANN
Attorney for Plaintiff,
Paulette Foston

OF COUNSEL:

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

Keith Thomas, Esq.
P. O. Box 830899
Tuskegee, AL 36083

James E. Fleenor, Jr., Esq.
Harlan F. Winn, III, Esq.
Michael J. Clemmer, Esq.
Battle, Fleenor, Green, Winn & Clemmer, LLP
Financial Center, Ste. 1150
505 N. 20th St.
Birmingham, AL 35203

This the 2/ day of **February**, 2005.

OF COUNSEL

C

District Court of Appeal of Florida,
Second District.

The OHIO CASUALTY INSURANCE COMPANY, Petitioner,
v.
Roger E. JACKMAN and Brower-Jackman Insurance Agency, Inc., Respondents.

No. 93-00464.

July 9, 1993.

The Circuit Court, Lee County, R. Wallace Pack, J., issued order declaring party's out of state employees to appear for deposition and bring specified documents. Certiorari was sought. The District Court of Appeal held that: (1) employees could be required to attend deposition, and (2) employees were not required to bring documents, which were subject of protective order request which court had not considered.

Petition for certiorari granted in part, denied in part.

West Headnotes

**[1] Pretrial Procedure ⟹100**
**307Ak100** Most Cited Cases

Trial court did not depart from essential requirements of law by requiring party to produce nonresident employees for deposition in Florida.

**[2] Pretrial Procedure ⟹130**
307Ak130 Most Cited Cases

Trial court departed from essential requirements of law in requiring employees of party validly required to attend deposition in state to bring with them specified documents; there was a timely motion for protective order regarding documents, based on work product and attorney client privilege, which trial court's order had failed to address.

***531** W. Lane Neilson of Neilson and Associates, Tampa, for petitioner.

Frank C. Alderman, III of Alderman & Ahlbrand, P.A., Fort Myers, for respondents.

PER CURIAM.

The petitioner, Ohio Casualty Insurance Company (Ohio Casualty), seeks certiorari review of the trial court's order denying its motion for protective order. The order compels two of Ohio Casualty's out-of-state employees to appear in Florida for their depositions and to bring with them specified documents. We uphold the order insofar as it requires Ohio Casualty to produce the deponents in Florida but quash that part directing the production of documents.

[1][2] Based on this record, we cannot say that the trial court departed from the essential requirements of law in requiring Ohio Casualty to produce the nonresident individuals for deposition in Florida. The document production, however, is a different matter. Ohio Casualty's timely motion for protective order asserted objections based on work product and attorney-client privilege. [FN1] The trial court's order failed to address the objections and thereby protect the production of the privileged documents. Hence, the trial court departed from the essential requirements of law in compelling production of all the documents requested.

FN1. The deposition notices, which were titled "duces tecum," scheduled the depositions for fewer than thirty days from the date of service of the notices. Ohio Casualty should have been afforded thirty days to submit written objections to what was essentially a document request. *See* Fla.R.Civ.P. 1.350. We do not condone any practice that attempts to circumvent the time frames and procedures set forth in the rules.

Accordingly, we grant the petition in part and deny the petition in part. On remand, the trial court should address the cost issue previously raised by the parties.

FRANK, C.J., and DANAHY and ALTENBERND, JJ., concur.

621 So.2d 531, 18 Fla. L. Weekly D1587

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

EXHIBIT
A

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

C

Supreme Court, Appellate Division, Fourth Department, New York.

Richard FRONCZAK and Georgia Fronczak, Plaintiffs-Appellants,
v.
Joseph A. ZIZZI, Jr., M.D., et al., Defendants, LuJean Jennings, M.D., and Buffalo Thoracic Surgical Associates, P.C., Defendants-Respondents.

June 14, 2002.

Patient brought medical malpractice action against hospital, physicians and medical staff for alleged negligent follow up treatment following surgery performed by a physician. The Supreme Court, Erie County, Whelan, J., denied patient's motion to **compel** hospital to produce two physicians' assistants for depositions. Patient appealed. The Supreme Court, Appellate Division, held that trial court abused its discretion in denying patient's motion to produce two assistants for depositions, and in granting protective order with respect to those depositions.

Ordered accordingly.

West Headnotes

**Pretrial Procedure ⟹100**
**307Ak100** Most Cited Cases

**Pretrial Procedure ⟹131**
307Ak131 Most Cited Cases

Trial court abused its discretion in denying patient's motion, in medical malpractice action against doctor, to produce two physicians' assistants for depositions, and in granting protective order with respect to those depositions; there was a substantial likelihood that assistants possessed information bearing on the controversy that would assist patient in preparing for trial, since they assisted doctor during surgery performed on patient the day after the initial surgery performed by another doctor and provided follow-up care for patient.

**789 Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP, Buffalo (John A. Collins of Counsel), for Plaintiffs-Appellants.

Roach, Brown, McCarthy & Gruber, P.C., Buffalo (J. Mark Gruber of Counsel), for Defendants-Respondents.

*986 Present: PIGOTT, Jr., P.J., PINE, HAYES, WISNER, and HURLBUTT, JJ.

*985 MEMORANDUM:

Supreme Court abused its discretion in denying *986 that part of plaintiffs' motion seeking to **compel** defendant Buffalo Thoracic Surgical Associates, P.C. (Buffalo Thoracic) to produce two physician's assistants for depositions and in granting the cross motion of Buffalo Thoracic and defendant LuJean Jennings, M.D. for a protective order with respect to the depositions of those witnesses. Plaintiffs allege in the complaint that defendants and "the staff and personnel" of Buffalo Thoracic were negligent with respect to, inter alia, their "related follow up care and treatment" following the surgery performed on Richard Fronczak (plaintiff) by defendant Joseph A. Zizzi, Jr., M.D. Plaintiffs established that the two physician's assistants, both of whom were employed by Buffalo Thoracic, assisted Dr. Jennings during surgery performed on plaintiff the day after the surgery performed by Dr. Zizzi and provided follow-up care for plaintiff. Plaintiffs thus established that there is a substantial likelihood that the physician's assistants possess information bearing on the controversy that will assist plaintiffs in preparing for trial (*see Barbara v. Brunswick Hosp. Ctr.*, 172 A.D.2d 792, 793, 570 N.Y.S.2d 980; *Heil v. Nassau Hosp.*, 99 A.D.2d 482, 470 N.Y.S.2d 422; *Gregoritsch v. Mather Mem. Hosp.*, 88 A.D.2d 987, 988, 452 N.Y.S.2d 66; *see generally* CPLR 3101[a][1] ). We therefore modify the order accordingly.

*985 It is hereby ORDERED that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of plaintiffs' motion seeking to **compel** defendant Buffalo Thoracic Surgical Associates, P.C. to produce two physician's assistants for depositions and denying the cross motion of

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

defendants Buffalo Thoracic Surgical Associates, P.C. and LuJean Jennings, M.D. and as modified the order is affirmed without costs.

743 N.Y.S.2d 788, 295 A.D.2d 985, 2002 N.Y. Slip Op. 05021

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

663 N.Y.S.2d 195
1997 N.Y. Slip Op. 08867
(Cite as: 243 A.D.2d 403, 663 N.Y.S.2d 195)



C

Supreme Court, Appellate Division, First Department, New York.

Philip WEINER, Plaintiff-Respondent,
v.
JEWISH HOME AND HOSPITAL FOR AGED, Defendant-Appellant.

Oct. 28, 1997.

Former employee brought whistleblower and age discrimination action against former employer. The Supreme Court, Carol Arber, J., granted former employee's motion to compel taking of depositions of employees. Former employer appealed. The Supreme Court, Appellate Division, held that former employee made sufficient showing that employees could offer material, relevant, and unique testimony.

Affirmed.

West Headnotes

**Pretrial Procedure ⟹100**
**307Ak100** Most Cited Cases

Former employee would be permitted to take depositions of nine of his former employer's employees in whistleblowing and age discrimination action; former employee made sufficient showing that, although two executives designated by former employer as deponents had material roles in his termination, the proposed witnesses, some of whom had been his supervisors, and all of whom had regular, daily contact with him, could offer material, relevant, and unique testimony with respect to, inter alia, his relationships with other colleagues and his activities disclosing work conditions. McKinney's CPLR 3106(d).
****195** Michael Bauman, for Plaintiff-Respondent.

Franklin S. Bonem, Heather Martinez, for Defendant-Appellant.

Before RUBIN, J.P., and TOM, MAZZARELLI and ANDRIAS, JJ.

MEMORANDUM DECISION.

***403** Order, Supreme Court, New York County (Carol Arber, J.), entered April 16, 1997, which, insofar as appealed from, granted ****196** plaintiff's motion to compel the taking of depositions of nine of defendant's employees, unanimously affirmed, without costs.

Plaintiff made a sufficient showing that, although the two executives designated by defendant pursuant to CPLR 3106(d) had material roles in his termination, the proposed witnesses, some of whom were his supervisors, and all of whom had regular, daily contact with plaintiff, could offer material, relevant and unique testimony with respect to, *inter alia,* plaintiff's ***404** relationships with other colleagues and his activities disclosing the work conditions at defendant, which are pertinent to this whistleblower/age discrimination action (*see Rattner v. Planning Comm. of Pleasantville,* 110 A.D.2d 840, 487 N.Y.S.2d 873). We have considered defendant's remaining contentions and find them to be without merit.

663 N.Y.S.2d 195, 243 A.D.2d 403, 1997 N.Y. Slip Op. 08867

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

IN THE SUPREME COURT OF ALABAMA

| | |
|---|---|
| EX PARTE AMERICAN MEDICAL SECURITY, INC., et al.,<br><br>Petitioners | Sup. Ct. Case No. ______ |
| SHEREE LITTLEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL SECURITY, INC.; UNITED WISCONSIN LIFE INSURANCE COMPANY, a corporation; AMSOUTH BANK, N.A., a corporation; RONALD M. STELL, an individual,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>CV 2003-08 |

**PETITION FOR A WRIT OF MANDAMUS**

COME NOW petitioners American Medical Security, Inc., United Wisconsin Life Insurance Company, and AmSouth Bank ("petitioners" or "defendants"), pursuant to Rule 21(a) of the Ala. R. App. P., and file this petition for a writ of mandamus seeking review of the Circuit Court of Barbour County, Alabama's (Hon. L. Bernard Smithart) order compelling depositions on **WEDNESDAY, MARCH 24, 2004** and **THURSDAY, MARCH 25, 2004** of petitioners' employees that were not designated as 30(b)(6) representatives for



EXHIBIT B

Petitioners. (See Appendix to Petition for a Writ of Mandamus (("Appx.") 1-5).

## I. STATEMENT OF THE CASE

### A. Proceedings In The Trial Court.

Plaintiff Sheree Littlefield filed this action against American Medical Security, Inc. ("AMS"), United Wisconsin Life Insurance Company ("UWLIC"), AmSouth Bank ("AmSouth") and Ronald M. Stell with the Circuit Court of Barbour County, Alabama on or about January 17, 2003 (hereinafter, the "Littlefield case")[1]. (Appx. 6-16). Littlefield asserted claims of fraud, breach of contract, negligent conduct, suppression, breach of fiduciary duty, negligent procurement and negligent training and supervision against AMS, UWLIC, AmSouth and independent insurance agent Stell. (Appx. 6-16). Littlefield's claims were based on representations allegedly made to her or material facts omitted during a sales presentation related to a health insurance policy offered by defendants. (Appx. 6-16).

On January 9, 2004, plaintiff's counsel sent a letter to defendants' counsel requesting deposition dates in eight

---

[1] This case is one of approximately thirty-six that plaintiff's counsel has filed throughout the state.

separate cases for defendants' employees Michael Zerbel, John McVey, Tim Moore, Joseph Keen and James Modaff, all of whom reside in the state of Wisconsin. (Appx. 17-18). This letter indicated that the secretary for plaintiff's counsel would be contacting defendants' counsel to arrange deposition dates for the aforementioned employees. Id. Plaintiff counsel's secretary then drafted a letter on January 20, 2004 requesting the deposition dates for these individuals. (Appx. 19-20).

Following this letter, defendants' counsel supplied the dates of March 24-25, 2004 for depositions to be taken in the case of Jonathan McCreary v. American Medical Security, et al., in the Circuit Court of Mobile County, Alabama, Civil Action Number CV-03-115. Plaintiff's counsel responded in a February 2, 2004 letter insisting that the depositions go forward in the cases of Bernard Cox, et al. v. American Medical Security, Inc., in the Circuit Court of Barbour County, Alabama, Civil Action Number CV-03-155 and Katherine Hall v. American Medical Security, et al., in the Circuit Court of Mobile County, Alabama, Civil Action Number CV-03-111 (the Hall case was not even identified as one of the cases in which plaintiffs wanted to take

depositions in plaintiffs' initial letter). (Appx. 21-22). Furthermore, plaintiffs' counsel's list of employees who he wished to depose changed from the list provided on January 9, 2004. Defendants' counsel responded on February 9, 2004, informing plaintiffs' counsel that defendants would make corporate representatives available in the cases plaintiff designated pursuant to Rule 30(b)(6) on March 24th and 25th, but defendants would be unable to make employees available for deposition in their individual capacity. (Appx. 22-24).

Plaintiff's counsel, however, vehemently opposed compliance with the rules for the requested depositions, stating in a February 18, 2004 letter that defendants' requests for a 30(b)(6) notice were "extremely unreasonable." (Appx. 25-27). Plaintiff's counsel also stated that defendants' actions in requesting 30(b)(6) notices were "unreasonable and arbitrary" and that because of this request the "professional" and "working relationship" with plaintiff's counsel will "deteriorate rather rapidly." (Appx. 25-27)

Plaintiff requested to take individual depositions in the Littlefield case on March 24 and 25 for the first time

in a letter dated February 27, 2004. (Appx. 28-29). Defendants' counsel responded on March 4, 2004, reiterating that plaintiff needed to comply with Rule 30(b)(6) in order to take the corporations' depositions. (Appx. 30-31). Plaintiff never served defendants with a Rule 30(b)(6) deposition notice; nor did plaintiff even attempt to subpoena the individuals plaintiff seeks to depose. Nevertheless, plaintiff's counsel filed a Motion to Compel Deposition Testimony in the Circuit Court of Barbour County on March 4, 2004. (Appx. 32-49). Oral arguments were heard on March 16, 2004 and the Court improperly granted plaintiff's Motion to Compel on March 19, 2004. Because the court's order requires that the depositions take place on March 24-25, 2004, defendants are submitting this emergency petition for a writ of mandamus to the Supreme Court of Alabama together with a Motion to Stay Proceedings.

B. <u>Standard of Review</u>

Where, as here, the issue raised in a petition for a writ of mandamus is the correctness of a trial court's order compelling the depositions of defendants' employees who are not Rule 30(b)(6) representatives and who have not

been properly subpoenaed, the writ will issue if there is a "clear showing of error on the part of the trial court." Ex parte Swift Loan and Fin. Co., Inc., 667 So. 2d 706 (Ala. 1995); Ex parte Pike Fabrication, Inc., 2002 WL 31630702 at *1.

## II. STATEMENT OF THE ISSUES

Whether this Court should issue the writ when the trial court clearly abused its discretion or otherwise erred in compelling the depositions of defendants' employees who are not Ala. R. Civ. P. 30(b)(6) representatives and who have not been properly subpoenaed.

## III. RELIEF SOUGHT

Petitioners request that the Court issue a writ of mandamus to the Circuit Court of Barbour County (Hon. L. Bernard Smithart) directing that the trial court deny plaintiff's Motion to Compel the depositions of defendants' employees who have not been designated as Ala. R. Civ. P. 30(b)(6) representatives and who have not been properly subpoenaed. Petitioners further request that this Court stay the depositions until this issue is resolved.

## IV. STATEMENT OF THE FACTS

The facts relevant to the issues presented for review are set forth in the statement of the case, supra.

## V. REASONS WHY THE WRIT SHOULD BE GRANTED

### A. Petitioners Have Established The Required Elements For The Writ To Be Issued.

A party seeking a writ of mandamus must show: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court." Ex parte Lyon Fin. Serv., Inc., 775 So. 2d 181, 182-83 (Ala. 2000).

As shown below, Petitioners have "a clear legal right to an order directing the trial court to [deny the motion to compel depositions of employees who were not designated as 30(b)(6) representatives]." Ex parte Lyon Fin. Serv., Inc., 775 So. 2d at 184. As a result, the trial court has an imperative duty to deny plaintiffs' motion to compel. Petitioners' legal rights, moreover, "cannot adequately be protected by appellate review of final judgment." Ex parte Roberts, 662 So. 2d 229, 231 (Ala. 1995). Furthermore, given the fact that the trial court ordered that the depositions go forward this week, its ruling "effectively

traps" defendants and their employees into submitting to depositions which are contrary to Alabama law. Ex parte Pike Fabrication, Inc., 2002 WL 31630702 at *4 (Ala. 2002); Ala. R. Civ. P. 30(b)(6). Therefore, this Court - which indisputably has jurisdiction over this issue - should grant the petition and issue the writ.

**B. The Trial Court's Order Compelling The Depositions Of Employees Who Were Not Designated As Defendants' 30(b)(6) Representatives And Who Were Not Properly Subpoenaed Clearly Violates The Express Provisions Of Rule 30(b)(6) of the Alabama Rules Of Civil Procedure.**

The trial court does not have jurisdiction over the out of state individuals that plaintiff seeks to depose, therefore, defendants are not required to make the individuals available for deposition. Powers v. CSX Transp., Inc., 2001 WL 1190243 (S.D. Ala. 2001) (A copy of Powers is attached hereto; Appx. 50-55). In letters to defense counsel, plaintiff's counsel simply requested deposition dates for specifically identified employees of defendants AMS and UWLIC. Plaintiff has never subpoenaed these employees, nor has plaintiff even attempted to depose the corporate representatives of defendants. Because these defendants are corporations, the proper deposition

procedure is governed by Ala. R. Civ. P. 30(b)(6) which provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a nonparty organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

Ala. R. Civ. P. 30(b)(6)(2003)(emphasis added).

Parties cannot deviate from Rule 30(b)(6) and require specifically identified employees to attend a deposition absent a properly served subpoena. Powers v. CSX Transp., Inc., 2001 WL 1190243. In Powers, the United States District Court for the Southern District of Alabama held that requiring depositions of employees that were not designated as 30(b)(6) representatives was "an inappropriate use of Rule 30(b)(6)." 2001 WL 1190243 at *4 (S.D. Ala. 2001). The Court stated that Rule 30(b)(6) "requires the requesting party to identify 'the matters on

which examination is requested,' leaving it to the organization to identify one or more deponents." Id. (quoting Ala. R. Civ. P. 30(b)(6)). "[T]he corporation cannot be required to produce persons, even employees, who are deposed in their individual capacity rather than as 30(b)(6) representatives of the corporation." Id. "[T]he plaintiff must serve the deponents themselves along with any required subpoena and fees." Id.[2]

Here, Plaintiff has not served the individual employees with the required subpoena and fees. Rather, plaintiff has simply requested dates for the individual depositions and moved to compel the depositions when defendants informed plaintiffs that they could not make the employees available for deposition absent a subpoena. Nevertheless, the trial court's order would require that the individuals appear for deposition on March 24th and 25th. Plaintiff's motion, and the trial court's order granting the motion, ignore the

[2] This Court has held that cases construing Federal Rules of Civil Procedure are authority for construction of Alabama Rules of Civil Procedure. Ex parte Dorsey Trailers, Inc., 397 So. 2d 98, 103 (Ala. 1981). In the present case where the rule at issue -- Ala. R. Civ. P. 30(b)(6) -- is identical to its federal court counterpart, this principle of construction is particularly applicable.

requirements of the Alabama Rules of Civil Procedure and the clear holding in Powers.[3]

The trial court's reliance on Ex parte Nissei Sangyo America, 577 So. 2d 912 (Ala. 1991) as support for its authority to compel the depositions of employees in their individual capacity is misplaced. In Nissei, this Court required an out of state corporation to make a corporate representative available for deposition. In doing so, the Court simply held that Alabama courts have jurisdiction over corporations that do business in Alabama. However, the Nissei holding does not give Alabama courts jurisdiction over the individual employees of out of state corporations. In order to compel the depositions of individual employees who are not acting as representatives of the corporation, the trial court must erroneously find that it has jurisdiction over these individuals. Such a finding is not supported by Nissei or any other Alabama

---

[3] Defendants did not submit a written response to plaintiff's motion to compel because defendants' counsel did not receive the motion until the day before oral argument on the motion and the motion did not appear on the trial court's docket. However, defendants did argue that the reasoning of the Powers court required the trial court to deny plaintiff's motion. Defendants also provided the trial court with a copy of the Powers opinion.

law, thus Nissei is not proper support for the trial court's order.

The Court's reliance on two other out of state cases cited by the plaintiff is also misplaced. Specifically, the plaintiff cited and the Court relied upon Weiner v. Jewish Home: Hosp. for Aged, 663 N.Y.S. 2d 195 (N.Y. Sup. Ct. 1997) and Ohio Cas. Ins. Co. v. Jackman, 621 So. 2d 531 (Fla. Dist. Ct. App. 1993). In neither of these cases is there any indication of the procedure that the parties initially sought to take the depositions in question. Indeed, it is very likely that the requesting party issued subpoenas and subsequently received objections. Moreover, there is no indication whatsoever that the applicable rules of procedure are identical to Ala. R. Civ. P. 30(b)(6) or Fed. R. Civ. P. 30(b)(6). Indeed, it appears that under New York's rules, particularly CLRP 3106, that under certain situations, a party may designate specific individuals within a corporation to be deposed without a subpoena. However, CLRP 3106(d) appears to provide the corporation with a remedy in the event the noticing party's designations become abusive or harassing.

Because Ala. R. Civ. P. 30(b)(6) is neither unclear nor ambiguous, the Court should not add additional provisions like those that apparently were specifically added to New York's CLRP 3106. Rather, if plaintiff wishes to depose individuals separate from those designated pursuant to Rule 30(b)(6), there is a procedure pursuant to Rule 45 that is available.

Rather than erroneously attempting to exercise jurisdiction over the out of state individuals, the trial court should require plaintiff to comply with the rules in place if plaintiff wishes to depose the out of state individual employees. "The plaintiff must serve the deponents themselves, along with any required subpoena and fees." Powers. Plaintiff can, therefore, follow the correct procedure of Alabama law and issue subpoenas to these individuals if their deposition testimony is needed. Furthermore, if plaintiff follows the correct procedure articulated in Rule 30(b)(6), defendants will aptly supply a corporate representative or representatives that can adequately answer plaintiff's deposition questions regarding the areas that plaintiff has described with reasonable particularity. As it stands now, however,

plaintiff's counsel has effectively evaded the express provisions of Ala. R. Civ. P. 30(b)(6). Therefore, this Court should enter an order rectifying the situation.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant this petition for writ of mandamus and direct the trial court to enter an order stating that the plaintiff must conform to the procedures specified in Rule 30(b)(6) of the Alabama Rules of Civil Procedure regarding the depositions of corporations. This is the only result consistent with Alabama law. Furthermore, this Court should stay the deposition proceedings until this matter is resolved.

Respectfully Submitted,

James E. Fleenor Jr. (FLE013)
Harlan F. Winn, III (WIN023)
Ricky J. McKinney (MCK030)
Attorneys for Defendants
AMERICAN MEDICAL SECURITY, INC.; UNITED WISCONSIN LIFE INSURANCE COMPANY; AMSOUTH BANK AND RONALD M. STELL

OF COUNSEL:

Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Joel P. Smith, Jr.
Williams, Potthoff, Williams & Smith
P. O. Box 880
Eufaula, AL 36072-0880
Telephone: (334) 687-5845
Facsimile: (334) 687-5722

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document upon all counsel of record in this case via facsimile and by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

C. Carter Clay, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, Alabama 35203

The Honorable Burt Smithart
Presiding Judge
Barbour County Circuit Court, Eufaula Division
Courthouse
303 E. Broad Street
Eufaula, Alabama 36027

FILED
SEP 15 2004
RUSTY NICHOLS, CLERK
Marengo County, Alabama

on this the 22nd day of March, 2004.

OF COUNSEL

1214340

WLP
EC
LD

IN THE SUPREME COURT OF ALABAMA
March 24, 2004

1030945

Ex parte American Medical Security, Inc., United Wisconsin Life Insurance Company, and AmSouth Bank. PETITION FOR WRIT OF MANDAMUS: CIVIL (In re: Sheree Littlefield v. American Medical Security, Inc. et al.) (Barbour Circuit Court: CV-03-08).

ORDER

The petition for writ of mandamus to be directed to the Honorable Burt Smithart, Judge of the Circuit Court of Barbour County, Alabama, and the motion to stay, having been duly filed and submitted to the Court,

IT IS ORDERED that the petition for writ of mandamus and the motion to stay are DENIED.

See, Lyons, Johnstone, Harwood, and Woodall, JJ., concur.

Houston, Brown, and Stuart, JJ., dissent.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 24th day of March, 2004

Robert G. Esdale, Sr.
Clerk, Supreme Court of Alabama

EXHIBIT
C