IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CC
Not on Attorney case list

| | | |
|---|---|---|
| CRYSTAL S. BRADFORD, a minor, By and through her next friend, MICHAEL TARRANCE; Plaintiffs, | * | |
| v. | * | CV-03-2943 |
| AMERICAN MEDICAL SECURITY GROUP, INC., a corporation; et al, Defendants. | * | |

ORDER

This matter is before the Court on defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count V claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Finally, Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

EXHIBIT D

_, 2004.

udge

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| **JAMES BRITT, an individual,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| **AMERICAN MEDICAL SECURITY, et al.,** | ) | **CV-03-266-H** |
| **Defendants.** | ) | |

FILED

FEB 04 2004

JUDY BYRD, CLERK
CO., AL

## ORDER

Pending before this Court are two motions to dismiss separately filed on behalf of Defendants AmSouth Bank and American Medical Security/United Wisconsin Life Insurance Company. Upon duly considering the briefs filed by all parties and the applicable law, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

It is undisputed that American Medical Security and United Wisconsin Life Insurance Company established a trust with AmSouth Bank whereby AmSouth served as trustee over the master policy of health insurance. The subject trust agreement was made a part of the record. It is also undisputed that the Plaintiff James Britt purchased a certificate of health insurance coverage under the master policy held by AmSouth Bank. It is the sale of this coverage that forms the basis of the complaint. The essence of the complaint involves allegations that the certificate of health insurance coverage sold to James Britt was not group coverage as it was represented at the point of sale.

A Rule 12(b)(6) dismissal is only proper when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. Radenhausen v. Doss, 819 So. 2d 616, 617 (Ala. 2001). The claims against AmSouth arise out of its capacity as trustee over the master policy and the obligations imposed by law and the subject trust agreement. First Alabama Bank v. Martin, 425 So. 2d 415, 426 (Ala. 1982); Henley v. Birmingham Trust National Bank, 322 So. 2d 688, 695 (Ala. 1975); Jones v. Ellis, 551 So. 2d 396, 402 (Ala. 1989). As such, the Court finds that James Britt has plead facts in support of his claim that could entitle him to relief. Thus, the Motion to Dismiss AmSouth Bank is **DENIED.**

The Court further finds that there is no statutory or regulatory authority allowing the Alabama Department of Insurance to regulate the premium rates for health insurance. To the contrary, Ala. Code § 27-13-2 specifically excludes health insurance rates from the commissioner's authority. Further, the filed rate doctrine only applies if the rates at issue are specifically approved under "regulatory" authority. Even assuming, arguendo, that the Department of Insurance has such regulatory authority, the complaint makes no allegation that American Medical Security and/or United Wisconsin Life Insurance Company engaged in any illegal or wrongful conduct in securing such approval and does not make a claim pursuant to the Alabama Trade Practices Act. As such, the Motion to Dismiss filed on behalf of American Medical Security and United Wisconsin Life Insurance Company is **DENIED**.

DONE and ORDERED this 3rd day of Feb, 2004

**DENNY L. HOLLOWAY**
CIRCUIT COURT JUDGE

9/16 KW

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

RECEIVED
MAR 2004
ANN W. TATE
CIRCUIT CLERK

| | | |
|---|---|---|
| **EUGENE BUDRAITIS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CASE NO. CV-2003-122** |
| **AMERICAN MEDICAL SECURITY GROUP, et al.,** | * | |
| **Defendants.** | * | |

# ORDER

This matter came before the Court on the Defendants' Motions to Dismiss and Motion to Strike Jury Demand. Upon consideration thereof, the Court is of the opinion that the following relief is appropriate. It is, therefore

**ORDERED, AJDUDGED** and **DECREED** as follows:

1. That all the claims against AmSouth Bank be and they are hereby dismissed, except the claim for breach of fiduciary duty.

2. That all Plaintiff's claims for negligence are dismissed.

3. That Defendant AmSouth's Motion to Strike Jury Demand for the remaining claim of breach of fiduciary duty be and the same is hereby granted.

4. That the Motions to Dismiss in all other respects be and they are hereby denied, except that the Plaintiff will provide a more definite statement within ~~twenty (20) days~~ March 30, 2004 (3/16 ...) as to the fraud claim in accordance with the specificity requirements concerning the time, place, and person alleged to have made the fraudulent misrepresentations.

**DONE** this the 10th day of March, 2004.

H. Edward McFerrin

H. EDWARD McFERRIN
CIRCUIT JUDGE

CHX
CC ✓
DHX

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

RECEIVED
MAR 1 6 2004

| | | |
|---|---|---|
| INA FAYE KINARD and TOMMY R. JENKINS, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CIVIL ACTION NO. CV- 03-202 |
| AMERICAN MEDICAL SECURITY, UNITED WISCONSIN LIFE INSURANCE COMPANY, AMSOUTH BANK, N.A. and LOUISE DAVIS HILL, et al., | ) | |
| Defendants. | ) | |

**ORDER**

The Court has for consideration the following motions:

1. Defendant AmSouth Bank's Motion to Dismiss as to All Claims Except Breach of Fiduciary Duty;

2. Defendant AmSouth Bank's Motion to Strike Jury Demand; and

3. Defendants United Wisconsin Life Insurance Company and American Medical Security, Inc.'s Motion to Dismiss.

Upon due consideration, the Court hereby orders as follows:

1. Defendant AmSouth Bank's Motion to Strike Jury Demand is hereby GRANTED;

2. Defendant AmSouth Bank's Motion to Dismiss is hereby GRANTED so that the sole remaining claim against this defendant is breach of fiduciary duty; and

3. Defendants United Wisconsin Life Insurance Company and American Medical Security, Inc.'s Motion to Dismiss is GRANTED as to Count IV (Conspiracy to Defraud) and Count VIII (Breach of Fiduciary Duty). The Court hereby DENIES these defendants' motion made pursuant to Rule 9 of the Alabama Rules of Civil Procedure. The Court will address by

separate Order these defendants' motion as it relates to Count II (Suppression), Count V (Negligence and Wantonness) and Count VI (Negligent and Wanton Hiring, Training and Supervision).

DONE this 8th day of March, 2004.

FILED IN OFFICE
MAR 10 2004
JOHN H. STACY CLERK

Thomas ap R. Jones, ~~Circuit~~ Judge

# IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

EDNA M. COLLINS, *
*
Plaintiff(s), *
*
v. * CIVIL ACTION NO. CV 03-857
*
AMERICAN MEDICAL SECURITY, *
et al., *
*
Defendant(s). *

## ORDER

This case is before the Court on MOTIONS TO DISMISS filed on behalf of the three Defendants. The Court has heard argument and considered briefs filed by the parties. With respect to the motion filed by the Defendant AmSouth, said MOTION TO DISMISS is GRANTED as to all claims except the claims for breach of fiduciary duty and suppression. As to those latter claims said motion is DENIED.

The MOTIONS TO DISMISS filed by the Defendants, American Medical Security and United Wisconsin Life Insurance Company, are GRANTED with respect to the Counts asserting negligence, negligent training and supervision, and wanton misconduct. Said motions are DENIED as to all other Counts.

The ruling on the MOTION TO STRIKE JURY DEMAND will be deferred at this time.

All Defendants are given 20 days within which to file additional pleadings.

This case is set for a Scheduling Conference on **May 11, 2004, at 9:00 A.M.**, in Courtroom Number 4, Lee County Justice Center, Opelika, Alabama. The parties are directed to be prepared to discuss those matters set forth on the SCHEDULING CONFERENCE ORDER currently in use by this Court.

This conference may be held by conference call if prior arrangements are made with the Court.

Done and Ordered this 10th day of March, 2004.

Robert M. Harper
Circuit Judge

FILED
MAR 10 2004
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Copy to:
W. Lee Pittman/Calvin C. Clay
James E. Fleenor, Jr./Harlan F. Winn, III/Michael J. Clemmer

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | | |
|---|---|---|
| **PAULA DOWNIE, an individual BETTY DOWNIE, an individual, and JEFFREY MILLER, an individual** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CV- 2003-0136** |
| **AMERICAN MEDICAL SECURITY, UNITED WISCONSIN LIFE INSURANCE COMPANY, AMSOUTH BANK, N.A., et al.,** | ) | |
| **Defendants.** | ) | |

FILED
MAR 30 2004
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

**ORDER**

This matter is before the Court on Defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the Defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiffs' Count for negligent, reckless, wanton conduct and Count for negligent training and supervision is due to be GRANTED. Finally, Defendant AmSouth's motion to dismiss all claims except breach of fiduciary and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiffs' complaint are DENIED.

Done and ORDERED this 30th day of March, 2004

[signature]
Circuit Court Judge

CC
Not on Pittman Cards 3/3

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| MARCUS HENRY; KENTEUS HENRY; et al.<br><br>Plaintiffs, | * | |
| v. | * | Civil Action No.: CV 03-132 |
| AMERICAN MEDICAL SECURITY GROUP, INC., et al.<br><br>Defendants. | * | |

**ORDER**

This matter is before the Court on defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count V claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Finally, Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this 5th day of February, 2004.

[signature]
Circuit Court Judge

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY CONTINUATION
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF HOUSTON COUNTY

NEIL HOLODWAY, ET ALS VS AMERICAN MEDICAL SECURITY ET ALS
FILED: 12/22/2003 TYPE: DAMAGES FRAUD TYPE TRIAL: JURY TRACK:

DATE1: CA: CA DATE:
DATE2: AMT: $.00 PAYMENT:

February 9, 2004 - Pro Se Answer of Defendant, Judy Jacobs. (Sued wrong person)

Feb. 20, 2004 - Defendant, AmSouth Bank's Motion to Dismiss the Claims of Alicia Martin.

Feb. 20, 2004 - Defendant, AmSouth Bank's Moiton to Dismiss as to all claims except Breach of Fiduciaty Duty.

Feb. 20, 2004 - Defendant AmSouth Bank's Motion to Strike Jury Demand.

2/25/04 Motion to Dismiss to be heard on 3/30/04 at 9 AM J. White, Judge
(N-CCC, MJC, JEF Jr. HFW III - 2-26-04)
BSN & KJD - 3-15-04)

Feb. 23, 2004 - Defendants, United Wisconsin Life Insurance Company and American Medical Security Inc.'s Motion to Dismiss.

Feb. 23, 2004 - Defendants, United Wisconsin Life Insurance Co. & American Medical Security In Memorandum in Support of Motion to Dismiss.

March 8, 2004 - Defendants, American Medical Security and Wisconsin Life Insurance Company's Notice of Discovery Requests.

March 12, 2004 - Defendant, Farmers Insurance Group's Motion to Dismiss.

March 18, 2004 - Motion to Dismiss of Defendant David Lee Earnest.

March 23, 2004. Motion to dismiss of Farmers Insurance Group & David Lee Earnest set for hearing on March 30, 2004 9:00 AM. Jerry M White Judge
(D-CCC, MJC, JEF Jr. HFW III - BSN, KJD & D.L. Earnest 3-25-04)

March 30, 2004. Claims of plaintiffs Alicia Martin and Donna Worthy are hereby dismissed. Jerry M White Judge

March 30, 2004. Claim against Farmers Insurance Group dismissed w/o prejudice. All claims against defendant AmSouth dismissed except that of breach of fiduciary duty. Jury demand against AmSouth struck. ~~[illegible]~~ Motion to dismiss of defendants American Medical Security and United Wisconsin Ins denied except as to claims of negligence & wantonness & those claims are dismissed. Jerry M White

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CC
Not on Pittman Case list 3/3/04 ka

| | | |
|---|---|---|
| MARY JACKSON, an individual; | * | |
| | * | |
| Plaintiff, | * | CV-03-2958 |
| | * | |
| v. | * | |
| | * | |
| AMERICAN MEDICAL SECURITY | * | |
| GROUP, INC., a corporation; et al, | * | |
| Defendants. | * | |

## ORDER

This matter is before the Court on defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count V claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Finally, Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this 11 day of Feb, 2004.

[signature]
Circuit Court Judge

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| CHARLES P. KASMEIER, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| AMERICAN MEDICAL SECURITY, INC. and MIKE RICHY, an individual, et al., | * | CV-03-420 |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ORDER

Upon consideration of the Motions to Dismiss filed by Defendants American Medical Security and United Wisconsin Life Insurance Company, same are hereby DENIED. The Motion to Dismiss all claims filed on behalf of Amsouth Bank is GRANTED except for the claim of Breach of Fiduciary Duty.

DONE AND ORDERED at Tuscumbia, Alabama this the 12th day of December, 2003.

HAROLD V. HUGHSTON, JR.
PRESIDING CIRCUIT JUDGE

CC: Calvin C. Clay
James Fleenor
Harlan Winn, III
Mike Bernauer
David Howard

CH X
DH
CC

IN THE CIRCUIT COURT OF PERRY COUNTY, ALABAMA

| | | |
|---|---|---|
| ERIC KING, SR. an individual,<br>ERIC KING, JR., an individual, and<br>MARTEZ D. KING, an individual,<br><br>Plaintiffs,<br>v.<br><br>AMERICAN MEDICAL SECURITY, UNITED WISCONSIN LIFE INSURANCE COMPANY, AMSOUTH BANK, N.A., et al.,<br><br>Defendants. | ) | CIVIL ACTION NO. CV- 2003-1 |

RECEIVED
MAR 26 2004

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the Defendants' motion is due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiffs' Count V for negligence and wantonness and Count VI for negligent and wanton hiring, training and supervision is due to be GRANTED.

Defendants' motion as they relate to all other claims and requests for relief made the basis of Plaintiffs' complaint are DENIED.

FILED IN OFFICE
PERRY COUNTY COURTS
MAR 24 2004
MARY COSBY MOORE
CIRCUIT CLERK

Done and ORDERED this 24 day of March, 2004.

Circuit Court Judge

1217443

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

**ROGER MILLER, an individual** )
**NORMA PARKER, an individual,** )
**RACHEL PEARSON, an individual, and** )
**DETRA B. SNEED, an individual,** )
)
**Plaintiffs,** )
)
**v.** ) **CV- 03-235**
)
**AMERICAN MEDICAL SECURITY,** )
**UNITED WISCONSIN LIFE** )
**INSURANCE COMPANY, AMSOUTH** )
**BANK, N.A., et al.,** )
)
**Defendants.** )

FILED
MAR 30 2004
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

**ORDER**

This matter is before the Court on Defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the Defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiffs' Count for negligent, reckless, wanton conduct and Count for negligent training and supervision is due to be GRANTED. Finally, Defendant AmSouth's motion to dismiss all claims except breach of fiduciary is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiffs' complaint are DENIED.

Done and ORDERED this 30th day of March, 2004

[signature]
Circuit Court Judge

1217172

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| Rodney & Lora Monts, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. CV-2003-7006-RSV |
| American Medical Security, et al, | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on defendants' motions to dismiss. Having reviewed the defendants' motions, and the plaintiffs' response thereto, the Court ORDERS as follows:

1. The motion of American Medical Security and United Wisconsin Life Insurance Company to dismiss under the primary jurisdiction doctrine is DENIED. This Court concludes that any enforcement of the plaintiffs' claims will not involve the resolution of issues that fall within the special competence of the Alabama Department of Insurance.

2. These defendants' motion to dismiss the fraud allegations for failure to plead with sufficient particularity is also DENIED, there being sufficient detail of allegedly fraudulent conduct, as found in paragraphs 13, 14 and 16 of the complaint.

3. To the extent that the motions seek to dismiss Count V (negligence and wantonness) and Count VI (negligent and wanton hiring, training and supervision), they are GRANTED. These claims are time-barred.

4. The motion of American Medical Security and United Wisconsin Life Insurance Company to dismiss Count VIII (untitled but raising the allegations of breach of fiduciary duty) is GRANTED. This claim cannot pertain to these two defendants.

5. The motion to dismiss by AmSouth Bank is GRANTED in part, DENIED in part. It is granted with regard to the counts referenced in paragraph 3 above. It is also granted with regard to Counts I-III (raising fraud-based allegations) because no allegation of the complaint implicates AmSouth with any fraudulent activity.

6. The motions are DENIED with regard to Count IV (conspiracy to defraud).

That addresses the motions to dismiss. Now on to other matters:

7. AmSouth's motion to strike the plaintiffs' jury demand with regard to Count VIII is GRANTED.

8. The plaintiffs have not yet perfected service on defendant Everett Walden. Failure to perfect service on this defendant by **February 27, 2004**, will result in the dismissal of all claims against him.

DONE and ORDERED on this 12th day of January, 2004.

Robert S. Vance, Jr.
Circuit Judge

copies:

L. Andrew Hollis, Esq.
Steven W. Couch, Esq.
James E. Fleenor, Jr., Esq.
Harlan F. Winn, III, Esq.

Mr. Everett G. Walden

.0352

CV 2003 000757.00
JUDGE: SIDNEY E. JACKSON

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY CONTINUATION
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF HOUSTON COUNTY

WILLIAM J PITCHFORD ET AL VS AMERICAN MEDICAL SECURITY ET AL
FILED: 09/12/2003 TYPE: BAD FAITH/FRAUD/MISR TYPE TRIAL: JURY TRACK:

DATE1: CA: CA DATE:
DATE2: AMT: $.00 PAYMENT:

11-14-03 | Defendant AmSouth Bank's Motion to Strike Jury Demand.

11-14-03 | Defendant AmSouth Bank's Motion to Dismiss as to All Claims Except Breach of Fiduciary Duty.

11-24-03 | All Motions to be heard on December 19, 2003 at 9:30 A.m. Clerk to Notify (N-WLP, CCC, JEF III, HFW III, MJC 11-26-03) Sidney Jackson, Judge

12/19/03 | Motion to Strike Jury Demand granted as to the Breach of Fiduciary Duty claims. All claims against Def. AmSouth dismissed except for Breach of Fiduciary Duty.

1/23/04 | The remaining aspects of the Motion to Dismiss are denied. Jackson, Judge

8 09/24/2003

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CIVIL DIVISION

JUSTINE W. REBURN, a minor by and and through her next friend, CHERISE TODD,

PLAINTIFF,

V.

AMERICAN MEDICAL SECURITY GROUP, INC., et al.,

DEFENDANTS.

CIVIL ACTION NO.

CV 03-7007 JSV

Filed In Open Court
This 7th day of Jan 2004
J. Scott Vowell, Circuit Judge
By [signature]

ORDER ON MOTIONS TO DISMISS

This case came on to be heard on the defendants' various motions to dismiss.

The court has read the pleadings and has heard and considered arguments of counsel and the proposed orders which have been submitted. In making these rulings, the parties are aware that the court should not grant a Rule 12 (b)(6) motion to dismiss unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

It is, therefore, **Ordered and Adjudged** as follows:

1. AmSouth Bank's motion to dismiss is **granted** as to all claims against said defendant other than the claim for breach of fiduciary duty. The motion is **denied** as to that claim.

2. AmSouth Bank's motion to strike the jury demand on all pending claims made against it is **granted.** The claim is for breach of fiduciary duty and such a claim is traditionally an equitable claim. *First Alabama Bank v. Spraggins*, 475 So.2d 514 (Ala. 1985). If the plaintiff should add additional causes of action against AmSouth Bank, the court will consider whether such additional claims are triable by jury. The non-jury claim against AmSouth will be tried at the same time as all of the other claims in the case.

3. The motion to dismiss filed by American Medical Security, Inc., (AMS) and United Wisconsin Life Insurance Company (UWLIC) based on the ground that the Alabama Department of Insurance has primary jurisdiction of this case is **denied.**

4. The motion to dismiss filed by AMS and UWLIC is **granted** as to the plaintiff's fraud claims in Counts I, II and VII. However, the plaintiff may amend within 21 days to state these claims with the particularity required by Rule 9, Ala.R.Civ.P.

5. The AMS and UWLIC motion to dismiss is other **denied.** The matters raised will be more appropriately considered on motions for summary judgment after discovery.

**Done and Ordered, this the 27th day of January, 2004.**

J. SCOTT VOWELL, PRESIDING JUDGE

cc: Harlan F. Winn, III, Esq.
L. Andrew Hollis, Esq.
Mike Smith, Pro Se

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CC
Not on Pittman
Case list 3/3/04 kh

| | | |
|---|---|---|
| LATONYA JACKSON SEYMOUR, An individual; and JAZMINE JACKSON, a minor, By and through her next friend, LATONYA JACKSON SEYMOUR, | * * * * * * | |
| **Plaintiffs,** | * * | CV-03-2891 |
| v. | * * | |
| AMERICAN MEDICAL SECURITY GROUP, INC., a corporation; et al, | * * * | |
| **Defendants.** | * | |

## ORDER

This matter is before the Court on defendants' Motions to Dismiss and Motion to Strike Plaintiffs' jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count V claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Finally, Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty and to strike plaintiffs' jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this 1 day of Feb, 2004.

Circuit Court Judge

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

PLAINTIFF'S EXHIBIT

BRENDA STEWART and
BOBBY JOE STEWART,

PLAINTIFFS,

VS.

AMERICAN MEDICAL SECURITY,
et al.,

DEFENDANTS.

CIVIL ACTION NUMBER:
CV 2003-467

2003 DEC -4 PM 1:00
CLERK CIRCUIT CLERK

ORDER

This matter coming on before the Court on the 1st day of December, 2003 based on the Defendants United Wisconsin Life Insurance Company and American Medical Security, Inc.'s Motion to Dismiss; Defendant AmSouth Bank's Motion to Dismiss as to all Claims Except Breach of Fiduciary Duty; Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss; the presence of counsel for all parties; statements by counsel for all parties; the Court having taken judicial knowledge of its file; and upon consideration thereof, the Court finds as follows:

1. That counsel for the Plaintiff consented to the Court granting the Defendants' Motion to Dismiss as it relates to all claims of negligence, reckless and wanton conduct, negligent training and supervision, and conversion.

3. The Court finds that all of the other issues raised by the Defendants in the Motion to Dismiss should be addressed, along with any other issues that the Defendants desire to raise, in a Rule 56 motion for summary judgment as opposed to a motion to dismiss.

It is, therefore, **CONSIDERED** and **ORDERED** as follows:

1. That the Plaintiffs claims for negligence, reckless and wanton conduct, negligent training and supervision, and conversion are hereby dismissed.
2. That the non-jury issue for the claim of breach of fiduciary duty will be addressed in subsequent orders of court.
3. That all other issues raised in the motions to dismiss are hereby overruled and denied unless granted hereinabove.
4. That a copy of this Order be forwarded to counsel of record for all parties.

This the 4th day of December, 2003.

JULIAN M. KING
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF MARSHALL COUNTY, ALABAMA

| | | |
|---|---|---|
| BOBBY TIDMORE, DOROTHY TIDMORE, et al. | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Civil Action Number: CV 03-315 |
| AMERICAN MEDICAL SECURITY GROUP, INC., et al. | ) | |
| Defendants. | ) | |

ORDER

This matter is before the Court on defendants' Motions to Dismiss. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count II claims for negligent, reckless, wanton conduct and Count VI claims of negligent training and supervision is due to be GRANTED. Likewise, Defendants' motion to dismiss Plaintiff's Count VIII claim for conversion is due to be GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this 18 day of Dec, 2003.

Circuit Court Judge

FILED

DEC 1 8 2003

IN THE CIRCUIT COURT OF LAMAR COUNTY, ALABAMA

| | | |
|---|---|---|
| EDWARD WILLIAMS,<br>Plaintiff,<br>v.<br><br>AMERICAN MEDICAL SECURITY, UNITED WISCONSIN LIFE INSURANCE COMPANY, AMSOUTH BANK, N.A., et. al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV-03-130 |

FILED
CIRCUIT COURT
APR 6 2004
Curtis L. Graham

**ORDER**

This matter is before the Court on Defendants' Motions to Dismiss and Motion to strike Plaintiff's jury demand. After reviewing the pleadings, the arguments of counsel, respective briefs from the parties and considering the applicable statutory and relevant case law, this Court is of the opinion that the Defendants' motions are due to be GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Count for negligent, reckless, wanton conduct and Count for negligent training and supervision is due to be GRANTED. Finally, Defendant AmSouth's motion to dismiss all claims except breach of fiduciary and to strike plaintiff's jury demand is hereby GRANTED.

Defendants' motions as they relate to all other claims and requests for relief made the basis of plaintiff's complaint are DENIED.

Done and ORDERED this 6 day of April, 2004.

Circuit Court Judge