IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

AUG 26 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| VIVIAN GADSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 02-T-793-N |
| UNITED WISCONSIN LIFE INSURANCE COMPANY, et al., | ) | |
| Defendants. | ) | |

ORDER

This lawsuit, which was removed from state court to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on a motion to remand filed by the plaintiff. The plaintiff contends that the amount in controversy is insufficient to confer diversity jurisdiction. For the reasons that follow, the court concludes that the plaintiff's motion should be granted.

Section 1332 requires that the amount involved, exclusive of interest and costs, exceed $75,000. In her complaint in state court, the plaintiff charged the defendants with several counts of fraud, negligence, wantonness, unjust enrichment, breach of contract, and conspiracy, in connection with the purchase of health insurance. Because the defendants contend that the court should consider only the original complaint, and not any subsequent

EOD 8-26-02

10

amendments to it, the court has complied with the defendants' request.

A removing defendant bears the burden of proving the proper federal jurisdiction. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Here, the defendants merely alleged that in other cases seeking punitive damages juries have awarded sums in excess of $75,000 and that because, the plaintiff specifically prays for an award of an unspecified amount of punitive damages, the amount involved exceeds the sum of $75,000. This allegation is conclusory and therefore is insufficient to quell the jurisdictional question. The removal notice fails to allege the amount involved in the alleged insurance transaction at issue or otherwise how much the plaintiff may have had at stake in the transaction; thus the court cannot tell whether punitive damages could be awarded in such a significant sum as to warrant the conclusion that the entire amount in controversy exceeds the statutorily prescribed amount.

A review of the original complaint is similarly unhelpful. The complaint fails to provide dollar figures from which the court could conclude that the total amount in controversy in any way

amendments to it, the court has complied with the defendants' request.

A removing defendant bears the burden of proving the proper federal jurisdiction. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, insufficient to meet the defendant's burden." Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Here, the defendants merely alleged that in other cases seeking punitive damages juries have awarded sums in excess of $75,000 and that because, the plaintiff specifically prays for an award of an unspecified amount of punitive damages, the amount involved exceeds the sum of $75,000. This allegation is conclusory and therefore is insufficient to quell the jurisdictional question. The removal notice fails to allege the amount involved in the alleged insurance transaction at issue or otherwise how much the plaintiff may have had at stake in the transaction; thus the court cannot tell whether punitive damages could be awarded in such a significant sum as to warrant the conclusion that the entire amount in controversy exceeds the statutorily prescribed amount.

A review of the original complaint is similarly unhelpful. The complaint fails to provide dollar figures from which the court could conclude that the total amount in controversy in any way

approaches $75,000. Cf. Williams, 269 F.3d at 1319 ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").

Therefore, it is the ORDER, JUDGMENT, and DECREE of the court that the motion to remand filed by the plaintiff on August 9, 2002 (Doc. No. 10), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that the motion to dismiss filed by defendant AmSouth Bank, N.A. on July 11, 2002 (Doc. No. 3), is left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 26th day of August, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

## CIVIL APPEALS CHECKLIST

1. Appealable Orders: Courts of Appeals have jurisdiction conferred and strictly limited by statute:
Appeals from Final Orders Pursuant to 28 U.S.C. § 1291: Only final judgments for orders of district courts (or final orders of bankruptcy courts which have been affirmed by a district court under 28 U.S.C. § 158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. Compare Fed.R.App.P. 5.1, 28 U.S.C. § 636(c).

In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983), cert. denied 464 U.S. 893 (1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. Buchanan v. Stanships, Inc., 495 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289 (1988); Budinich v. Becton, 485 U.S. 196, 108 S.Ct. 1717, 100 L.Ed 2d 178 (1988).

Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5: The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

Appeals Pursuant to 28 U.S.C. § 1929(a): Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." This statute does not permit appeals from temporary restraining orders.

Appeals pursuant to Judicially Created Exceptions to the Finality Rule: These limited exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed 2d 199 (1964); Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); Gulfstream aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988)

2. Time for Filing: To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

FRAP 4(a)(1): The notice of appeal required by FRAP 3 "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry . . ." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

FRAP 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

FRAP 4(a)(5) and FRAP 4(a)(6): The district court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

FRAP 4(c): "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or be a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

3. Format of Notice of Appeal: Form 1, FRAP Appendix of Forms, is a suitable format. See also FRAP 3(c).
A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable . . ." (FRAP 3(b))

4. Effect of Notice of Appeal: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (see Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4)