IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **VIVIAN GADSON**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED WISCONSIN LIFE INSURANCE COMPANY; AMERICAN MEDICAL SECURITY, INC.; AMSOUTH BANK; And Fictitious Defendants "A", "B", and "C", whether singular or plural, or those other persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained,**<br><br>**Defendants.** | § | **CIVIL ACTION NO. CV-02-1606** |

5h

2002 JUN 11 PM 4:52

## COMPLAINT

## STATEMENT OF THE PARTIES

1. Plaintiff Vivian Gadson is over the age of nineteen (19) years and resides in Montgomery County, Alabama.

2. Defendant United Wisconsin Life Insurance Company (hereinafter referred to as "United Wisconsin") is a foreign corporation doing business by agent in Montgomery County, Alabama.

3. Defendant American Medical Security, Inc. (hereinafter referred to as "American Medical") is a foreign corporation doing business by agent in Montgomery County, Alabama.

4. AmSouth Bank is a domestic corporation with its principal place of business located in Birmingham, Alabama.

5. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

6. Plaintiff's insurance coverage, is provided under master policy AB2000. The insurance product sold to Plaintiff is known as "Med One," and was offered through and held by the Prescription for Good Health Trust.

7. The Prescription for Good Health Trust is a dry trust.

8. Defendant AmSouth Bank is the trustee of the Prescription for Good Health Trust.

9. In or around January of 1996, in Montgomery County, Alabama, Gerry Reynolds, acting as an agent and/or representative for Defendants, approached Plaintiff about purchasing "group" health insurance. At said time, Defendants fraudulently represented to Plaintiff that the health insurance coverage provided by Defendants was

"group" health insurance and that the premiums on said policy would be the same as those charged to other members of the "group".

10. Defendants fraudulently induced Plaintiff to purchase and continue premium payments on the "group" health insurance coverage by fraudulently misrepresenting that Plaintiff's premium rate was a "group" rate.

11. Defendants fraudulently concealed and failed to disclose to Plaintiff that the premium rates on the health insurance policy purchased were not "group" rates and that Plaintiff's premiums were not the same as those charged to other members of the "group".

12. Defendants fraudulent concealed and failed to disclose that Defendants were underwriting Plaintiff's policy on an annual basis based upon her health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

13. Defendants fraudulently failed to disclose to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim history at each policy renewal period.

14. Based upon the representations made by Defendants, Plaintiff agreed to purchase the policy to-wit, client number #2400-006178.

15. Plaintiff discovered the fraud within two (2) years of filing this lawsuit.

16. Defendants entered into a pattern or practice of fraudulent conduct, which included the fraud perpetrated on Plaintiff.

17. At all times material hereto, Gerry Reynolds was the agent and/or representative for all Defendants and was acting within the line and scope of his agency in dealing with Plaintiff.

18. At all times material hereto, Plaintiff depended on Defendants to advise her as to all insurance matters because of their superior knowledge and position.

19. The misrepresentations, omissions, and concealment of material fact were intentional, gross, wanton, malicious, and/or oppressive and were part of a willful scheme or course of conduct through which Defendants sought to and did induce Plaintiff into purchasing and continuing premium payments on the basis of and reliance of fraudulent misrepresentations and omissions.

## COUNT ONE

20. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

21. In or around January of 1996, Gerry Reynolds, acting as an agent and/or representative for Defendants, approached Plaintiff about purchasing "group" health insurance.

22. Defendants fraudulently represented to Plaintiff that she was purchasing "group" health insurance coverage and the premiums on said policy would be the same as those charged to other members of the "group."

23. As a result of Defendants' fraudulent misrepresentations Plaintiff was induced into purchasing health insurance coverage that will lapse unless premiums are paid at increasingly higher rates, due to Defendants' own actions.

24. At all times material hereto, Defendants fraudulently misrepresented and failed to disclose the true reason for premium increases and at no time did Defendants advise Plaintiff that the reason for premium increases was due to Defendants calculating premium increases on Plaintiff's health and personal claim experience, not the claims of the "group".

25. The representations made by Defendants were false and Defendants knew they were false.

26. Plaintiff relied upon the false representations and purchased the policy of insurance.

27. Without disclosure of the foregoing material facts and information, the representations by Defendants were false, misleading and deceptive.

28. As a proximate consequence of Defendants' fraud, Plaintiff was injured and damaged as follows: She paid premiums on a health insurance policy that was not as represented; she lost the value of her premium payments; she lost interest on her premium payments; she does not have the insurance policy that was represented to her; she will be required to pay increased premium payments in the future or lose her insurance coverage; she has suffered mental anguish and emotional distress and will continue to do so; she has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO

29. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

30. At the aforesaid times and places, Defendants fraudulently concealed and/or failed to disclose to Plaintiff that the premium rates on the health insurance policy purchased were not "group" rates and that Plaintiff's premiums were not the same as those charged to other members of the "group".

31. Defendants fraudulently concealed and failed to disclose that Defendants were underwriting Plaintiff's policy on an annual basis based upon her health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

32. Defendants fraudulently concealed and failed to disclose the true reason for premium increases and at no time did Defendants disclose that the premium increases on Plaintiff's policy were a result of Defendants calculating premiums based on Plaintiff's personal claims experience, not the claims of the "group".

33. Defendants fraudulently failed to disclose to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim history at each policy renewal period.

34. Defendants' concealment of fundamental facts and information was intentional for the purpose of inducing Plaintiff into purchasing and continuing premium payments at increased amounts.

35. Defendants fraudulently failed to disclose the true nature and underlying facts relating to the reason for premium increases, Defendants participated in a deliberate course of conduct wherein Plaintiff did not discover and could not through the exercise of reasonable diligence have discovered that she had been mislead by Defendants' deceptive sales and renewal tactics or scheme of fraud and concealment.

36. As a result of Defendants' non-disclosure and/or concealment, Plaintiff acted to her detriment by purchasing and continuing payments on a policy of insurance because she did not have full disclosure of the material and the aspects of the policy of insurance issued by Defendants.

37. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 29 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

38. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

39. At the aforesaid time and place, Defendants innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed material facts relating to the terms and benefits of the insurance policy.

40. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 29 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

**COUNT FOUR**

41. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

42. Defendants United Wisconsin and American Medical Security and Fictitious Defendants "A", "B", and "C" negligently hired, trained, and/or supervised Gerry Reynolds. Defendants' negligence was both ongoing and continuous.

43. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 29 above.

WHEREFORE, Plaintiff demands judgment against Defendants United Wisconsin, American Medical, and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs.

**COUNT FIVE**

45. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

46. Defendants United Wisconsin, American Medical, and Fictitious Defendants "A", "B", and "C" wantonly hired, trained, and/or supervised Gerry Reynolds. Defendants' wantonness was ongoing and continuous.

47. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 29 above.

WHEREFORE, Plaintiff demands judgment against Defendants United Wisconsin, American Medical, and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory damages and punitive damages, as a jury deems reasonable and may award, plus costs.

**COUNT SIX**

48. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

49. The conduct alleged herein constitutes an unlawful, unfair, or fraudulent business practice on behalf of Defendants.

50. As a result of Defendants' violations, they and/or their agents and/or representatives have unjustly enriched themselves at the expense and to the detriment of Plaintiff. Defendants and their agents and/or representatives unjust enrichment continues to accumulate as they engaged in the unfair or fraudulent business acts and practices.

51. Defendants and their agents and/or representatives retention of the money gained through deceptive practices would be unjust considering the circumstances under which the funds were obtained.

52. The exact amount of Defendants and their agents and/or representatives unjust enrichment is not currently known, but will be readily proven after discovery and at trial.

53. To prevent its unjust enrichment, Defendants and their agents and/or representatives should be required to relinquish its gains from their fraudulent sales practice in the form of restitution to Plaintiff.

54. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 29 above.

WHEREFORE, Plaintiff demands judgment against Defendants United Wisconsin, American Medical, AmSouth and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory damages and punitive damages, as a jury deems reasonable and may award, plus costs.

**COUNT SEVEN**

55. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

56. Defendants have committed fraud and suppression against Plaintiff and Defendants have contrived, combined, federated, and conspired amongst themselves to do the acts described herein that have caused injury and damage to Plaintiff.

57. As a result of Defendants conspiring to commit those acts mentioned above, Plaintiff was injured and damaged as set forth in paragraph 29 above.

58. WHEREFORE, Plaintiff demands judgment against Defendants United Wisconsin, American Medical, AmSouth and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory damages and punitive damages, as a jury deems reasonable and may award, plus costs.

JERE L. BEASLEY (BEA020)

W. DANIEL "DEE" MILES, III (MIL060)

WIILLIAM R. DAVIS (DAV140)
Attorneys for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
PO Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 FAX

**JURY DEMAND**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

William R. [signature]

**OF COUNSEL**

PLEASE STAMP & RETURN

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| VIVIAN GADSON<br><br>Plaintiff,<br><br>vs.<br><br>UNITED WISCONSIN LIFE INSURANCE COMPANY; AMERICAN MEDICAL SECURITY, INC.; AMSOUTH BANK; And Fictitious Defendants "A", "B", and "C", whether singular or plural, or those other persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. CV-02-1601 |

2002 JUL -9 PM 4:46

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Vivian Gadson, hereby amends her Complaint to add Class Action Allegations. Plaintiff files her First Amended Complaint, individually and as class representative, against the named Defendants and Fictitious Defendants A, B, C & D as follows:

## CLASS ACTION ALLEGATIONS

1. This is an Alabama statewide class action against the named Defendants, asking for compensatory damages only, alleging counts of fraud, a scheme to defraud, misrepresentation, breach of contract, and/or other wrongful conduct.

2. The claims in this action are founded exclusively upon the statutory law of the State of Alabama, particularly Sections 6-5-100 et seq. of the Code of Alabama 1975 relating to fraud, and the common law of Alabama.

3. Plaintiff does not claim punitive damages under any claim, cause of action or theory of recovery alleged herein. This is a common fund case; Plaintiff is not entitled to and does not seek an add-on attorney's fee in addition to the recovery obtained on behalf of the class. Plaintiff is not entitled to and does not seek any injunctive relief against any Defendant. Plaintiff seeks compensatory damages only against the named Defendants in this action, and further states that the total aggregate amount of damages sought in this action under all counts does not exceed $74,999 per class member.

4. This action seeks exclusively a money recovery for Defendants' violation of the statutory law of the State of Alabama, particularly Sections 6-5-100, et. seq. of the Code of Alabama (1975) relating to fraud, and the common law of the state. Plaintiff does not seek punitive damages but seeks only compensatory damages for each class member for the Defendants' fraud and other wrongful conduct as alleged herein. There are no federal claims asserted herein, and no right of recovery by the named Plaintiff or any member of the Plaintiff's class depends on application or interpretation of any federal statute. Plaintiff does not assert a claim under or seek relief allowed by or pursuant to any federal statute or cause of action.

5. Certification under Rule 23(b)(2) and/or (b)(3) Ala.R.Civ.P., is proper.

6. Plaintiff seeks certification of a statewide class action against named Defendants for the fraud, suppression, breach of contract and other wrongful conduct alleged in this Complaint. The Plaintiff class consists of the following:

All residents of the State of Alabama who were induced into purchasing health insurance coverage, provided under master policy AB2000 known as "Med One," which was offered through and held by the Prescription for Good Health Trust during the period of the applicable statute of limitations, provided that:

a) The person is living on the date that final judgment is entered in this action;

b) The person described herein does not file before final judgment any bankruptcy proceeding;

c) The person does not have pending against the named Defendants on the date of the court's certification order any individual action wherein the recovery sought is based in whole or in part on the type of claims asserted herein;

d) Persons are excluded from the class as to a particular Defendant who have previously obtained a judgment or settled any claims against that same Defendant concerning the type claim asserted herein or have previously executed releases, releasing any such claims against that same Defendant;

e) The person is not the party to an arbitration agreement with named Defendants that would apply to the transactions made the basis of this lawsuit.

f) The person is not currently serving as a judge or justice of courts of the State of Alabama.

7. The Rule 23(a) and Rule 23(b) requirements are met because:

a. The class is so numerous that joinder of all members in this action is impracticable. Plaintiff is not aware of the precise number of class

members at this time but believes that they number in the thousands. The names and addresses of members of the class can be ascertained from Defendants' books and records.

b. There are questions of law or fact common to the class, including but not exclusively limited to:

1. Whether Defendants fraudulently represented that Master AB2000 known as "Med One" was "group" health insurance and that the premiums on said policy would be the same as those charged to the "group."

2. Whether the Defendants were engaged in "Tier" underwriting and/or whether Defendants engaged in re-underwriting based on an insured's health and claims history.

3. Whether the monies gained from Defendants' deceptive practices constitutes unjust enrichment.

4. Whether Defendants conspired to commit the fraud as alleged in this Complaint.

5. Whether the Defendants breached the contract as alleged in this Complaint.

6. Whether the Plaintiff is entitled to the class-wide relief sought in the Complaint.

c. The common questions predominate over any questions affecting only individual members.

d. The named Plaintiff is an adequate representative of the class. The claims of the Plaintiff class representative are typical of those of the

class members in that he was subjected to the same unlawful treatment and the Plaintiff suffered the same type harm as suffered by other members of the class. The class representative will vigorously pursue the claims on behalf of the class and will fairly and adequately protect the interests of the class. Plaintiff's counsel is experienced and professionally able to properly represent the Plaintiff class.

e. The claims of the representative party are typical of the claims of each member of the class and are based on or arise out of the similar facts constituting the wrongful conduct of the Defendants.

f. A class action is far superior to any other available method, if there is any, for the fair and efficient adjudication of this controversy.

## STATEMENT OF THE PARTIES

8. Plaintiff Vivian Gadson is over the age of nineteen (19) years and resides in Montgomery County, Alabama.

9. Defendant United Wisconsin Life Insurance Company (hereinafter referred to as "United Wisconsin") is a foreign corporation doing business by agent in Montgomery County, Alabama.

10. Defendant American Medical Security, Inc. (hereinafter referred to as "American Medical") is a foreign corporation doing business by agent in Montgomery County, Alabama.

11. AmSouth Bank is a domestic corporation with its principal place of business located in Birmingham, Alabama.

12. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

13. Plaintiff's insurance coverage is provided under master policy AB2000. The insurance product sold to Plaintiff is known as "Med One," and was offered through and held by the Prescription for Good Health Trust.

14. The Prescription for Good Health Trust is a dry trust.

15. Defendant AmSouth Bank is the trustee of the Prescription for Good Health Trust.

16. At said time, Defendants fraudulently represented to Plaintiff that the health insurance coverage provided by Defendants was "group" health insurance and that the premiums on said policy would be the same as those charged to other members of the "group".

17. Defendants fraudulently induced Plaintiff to purchase and continue premium payments on the "group" health insurance coverage by fraudulently misrepresenting that Plaintiff's premium rate was a "group" rate.

18. Defendants fraudulently concealed and failed to disclose to Plaintiff that the premium rates on the health insurance policy purchased were not "group"

rates and that Plaintiff's premiums were not the same as those charged to other members of the "group".

19. Defendants fraudulent concealed and failed to disclose that Defendants were underwriting Plaintiff's policy on an annual basis based upon her health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

20. Defendants fraudulently failed to disclose to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim history at each policy renewal period.

21. Based upon the representations made by Defendants, Plaintiff agreed to purchase the policy to-wit, client number #2400-006178.

22. Plaintiff discovered the fraud within two (2) years of filing this lawsuit.

23. Defendants entered into a pattern or practice of fraudulent conduct, which included the fraud perpetrated on Plaintiff.

24. At all times material hereto, Plaintiff depended on Defendants to advise her as to all insurance matters because of their superior knowledge and position.

25. The misrepresentations, omissions, and concealment of material fact were intentional, gross, wanton, malicious, and/or oppressive and were part of a willful scheme or course of conduct through which Defendants sought to and did induce Plaintiff into purchasing and continuing premium payments on the basis of and reliance of fraudulent misrepresentations and omissions.

## COUNT ONE

26. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

27. Defendants fraudulently represented to Plaintiff that she was purchasing "group" health insurance coverage and the premiums on said policy would be the same as those charged to other members of the "group."

28. As a result of Defendants' fraudulent misrepresentations Plaintiff was induced into purchasing health insurance coverage that will lapse unless premiums are paid at increasingly higher rates, due to Defendants' own actions.

29. At all times material hereto, Defendants fraudulently misrepresented and failed to disclose the true reason for premium increases and at no time did Defendants advise Plaintiff that the reason for premium increases was due to Defendants calculating premium increases on Plaintiff's health and personal claim experience, not the claims of the "group".

30. The representations made by Defendants were false and Defendants knew they were false.

31. Plaintiff relied upon the false representations and purchased the policy of insurance.

32. Without disclosure of the foregoing material facts and information, the representations by Defendants were false, misleading and deceptive.

33. As a proximate consequence of Defendants' fraud, Plaintiff was injured and damaged as follows: She paid premiums on a health insurance policy

that was not as represented; she lost the value of her premium payments; she lost interest on her premium payments; she does not have the insurance policy that was represented to her; she will be required to pay increased premium payments in the future or lose her insurance coverage; she has suffered mental anguish and emotional distress and will continue to do so; she has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs, but not to exceed $74,999.

## COUNT TWO

34. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

35. At the aforesaid times and places, Defendants fraudulently concealed and/or failed to disclose to Plaintiff that the premium rates on the health insurance policy purchased were not "group" rates and that Plaintiff's premiums were not the same as those charged to other members of the "group".

36. Defendants fraudulently concealed and failed to disclose that Defendants were underwriting Plaintiff's policy on an annual basis based upon her health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

37. Defendants fraudulently concealed and failed to disclose the true reason for premium increases and at no time did Defendants disclose that the

premium increases on Plaintiff's policy were a result of Defendants calculating premiums based on Plaintiff's personal claims experience, not the claims of the "group".

38. Defendants fraudulently failed to disclose to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim history at each policy renewal period.

39. Defendants' concealment of fundamental facts and information was intentional for the purpose of inducing Plaintiff into purchasing and continuing premium payments at increased amounts.

40. Defendants fraudulently failed to disclose the true nature and underlying facts relating to the reason for premium increases, Defendants participated in a deliberate course of conduct wherein Plaintiff did not discover and could not through the exercise of reasonable diligence have discovered that she had been mislead by Defendants' deceptive sales and renewal tactics or scheme of fraud and concealment.

41. As a result of Defendants' non-disclosure and/or concealment, Plaintiff acted to her detriment by purchasing and continuing payments on a policy of insurance because she did not have full disclosure of the material and the aspects of the policy of insurance issued by Defendants.

42. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 33 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs, but not to exceed $74,999.

## COUNT THREE

43. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

44. At the aforesaid time and place, Defendants innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed material facts relating to the terms and benefits of the insurance policy.

45. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 33 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs, but not to exceed $74,999.

## COUNT FOUR

46. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

47. Defendants negligently hired, trained, and/or supervised its agents. Defendants' negligence was both ongoing and continuous.

48. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 33 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs, but not to exceed $74,999.

**COUNT FIVE**

49. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

50. Defendants wantonly hired, trained, and/or supervised its agents. Defendants' wantonness was ongoing and continuous.

51. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 33 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages, as a jury deems reasonable and may award, plus costs, but not to exceed $74,999.

**COUNT SIX**

52. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

53. The conduct alleged herein constitutes an unlawful, unfair, or fraudulent business practice on behalf of Defendants.

54. As a result of Defendants' violations, they and/or their agents and/or representatives have unjustly enriched themselves at the expense and to the detriment of Plaintiff. Defendants and their agents and/or representatives unjust

enrichment continues to accumulate as they engaged in the unfair or fraudulent business acts and practices.

55. Defendants and their agents and/or representatives retention of the money gained through deceptive practices would be unjust considering the circumstances under which the funds were obtained.

56. The exact amount of Defendants and their agents and/or representatives unjust enrichment is not currently known, but will be readily proven after discovery and at trial.

57. To prevent its unjust enrichment, Defendants and their agents and/or representatives should be required to relinquish its gains from their fraudulent sales practice in the form of restitution to Plaintiff.

58. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 33 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages, as a jury deems reasonable and may award, plus costs, but not to exceed $74,999.

**COUNT SEVEN**

59. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

60. Defendants have committed fraud and suppression against Plaintiff and Defendants have contrived, combined, federated, and conspired amongst

themselves to do the acts described herein that have caused injury and damage to Plaintiff.

61. As a result of Defendants conspiring to commit those acts mentioned above, Plaintiff was injured and damaged as set forth in paragraph 33 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages, as a jury deems reasonable and may award, plus costs, but not to exceed $74,999.

## COUNT EIGHT

62. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

63. Plaintiff entered into a contract with Defendants to purchase "group" health insurance in which premium payments would be based upon the claims of the "group".

64. Defendants breached this agreement by selling Plaintiff a health insurance policy in which premium payments are based upon the Plaintiff individual claims experience.

65. As a proximate consequence, Plaintiff was injured and damaged as alleged in paragraph 33 above.

WHEREFORE, Plaintiff demands judgment against Defendants United Wisconsin, American Medical, AmSouth and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory damages, as a jury deems reasonable and may award, plus costs, but not to exceed $74,999.

JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III (MIL060)
WIILLIAM R. DAVIS (DAV140)
Attorneys for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
PO Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 FAX

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES.**

**OF COUNSEL**

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing upon the Circuit Clerk with the Complaint on this the 9th day of July, 2002.

OF COUNSEL

United Wisconsin Life Insurance Company
The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama 36109

American Medical Security, Inc.
The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama 36109

AmSouth Bank
c/o Stephen A. Yoder
AmSouth Harbert Plaza
1901 Sixth Avenue North, Suite 920
Birmingham, Alabama 35203