IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PAULETTE FOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05cv488-F |
| | ) | [WO] |
| AMERICAN MEDICAL | ) | |
| SECURITY, INC., *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Remand filed by the Plaintiff, Paulette Foston ["Foston"]. Foston, a citizen of Alabama, originally filed a complaint in this case in the Circuit Court of Macon County, Alabama. She brings claims against United Wisconsin Life Insurance Company ("UWLIC") and American Medical Security, Inc., each of which is a non-diverse defendant,[1] and against AmSouth Bank ("AmSouth"), a citizen of Alabama. The defendants filed a Notice of Removal, contending that this court has diversity jurisdiction in this case because the only non-diverse defendant, AmSouth, has been fraudulently joined and the requisite amount in controversy is met.

For reasons set forth in this recommendation, the court concludes that Foston's

---

[1] AMS and UWLIC have now merged into one new entity, American Medical Security Life Insurance Company, which is also a foreign corporation doing business in Alabama. See Def. Opp. To Pl. Motion to Remand, 7.

Motion to Remand is due to be granted because AmSouth was not fraudulently joined and subject matter jurisdiction is absent in this case.

## II. REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See* ***Kokkonen v. Guardian Life Ins. Co. of America***, 511 U.S. 375 (1994); ***Burns v. Windsor Ins. Co.,*** 31 F.3d 1092, 1095 (1994); ***Wymbs v. Republican State Executive Comm***., 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984). As such, federal courts have the power to hear only the cases authorized by the Constitution or the Congress of the United States. *See* ***Kokkonen***, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See **Burns***, 31 F.3d at 1095.

## III. FACTS

The facts pertinent to the motion to remand drawing all inferences in favor of the Plaintiff are as follows:

In September 1996, Foston purchased a group health insurance policy from AmSouth, the trustee of the "Prescription for Good Health Trust",which was the policy owner of the health insurance that covered Foston. Foston was told that the premiums were based on the claims experience of the entire group and that she was purchasing a group health insurance policy. The defendants did not tell Foston that the policy actually used a tiered rating system

in which individuals' claims experience played a role in the premiums they were required to pay. Foston's premiums began at $153.89 per month in September 1996 and were scheduled to increase to $191.91 per month starting in September 1997. Foston terminated her policy in May 1997, because she was unable to afford the increase.

When Foston received a notice of a class action in June 2004, she learned that defendants had calculated premium increases based on individual factors rather than group claims experience. The lawsuit was filed by Vivian Gadson, another participant in the Prescription for Good Health Trust who had, like Foston, purchased a certificate of medical insurance from AmSouth.

## IV.   DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged, if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See* **Strawbridge v. Curtiss***,* 7 U.S. (3 Cranch) 267 (1806).

Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant

3

who shares the same state citizenship as the plaintiff. When assessing the existence of complete diversity, the courts may disregard the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal, or "fraudulent joinder." *See* ***Tedder v. F.M.C. Corp.***, 590 F.2d 115, 117 (5th Cir. 1979);[2] *see also* ***Thomas v. Jim Walter Homes, Inc.***, 918 F. Supp. 1498 (M.D. Ala. 1996).

The Court of Appeals applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pled jurisdictional facts, or (3) a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See* ***Triggs v. John Crump Toyota***, 154 F.3d 1284, 1287 (11th Cir. 1998). If the removing party fails to demonstrate the existence of a fraudulently joined party, the case must be remanded to state court. *See* ***Bolling v. Union Nat'l Life Ins. Co.***, 900 F. Supp. 400, 407 (M.D. Ala. 1995).

In the present case, the defendants do not allege "outright fraud" in the pleading of jurisdictional facts or that the claims against AmSouth have no connection with the claims against the nondiverse defendant. Rather, they argue that there is no possibility that Foston can prove her claims against AmSouth, the only non-diverse defendant.

---

[2] In ***Bonner v. City of Prichard***, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

The burden of proving fraudulent joinder rests with the defendants as the removing parties. *See* **Crowe v. Coleman**, 113 F.3d 1536, 1538 (11th Cir. 1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See* **Parks v. New York Times Co.**, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964); *see also* **Bolling**, 900 F. Supp. at 406. In evaluating whether there has been fraudulent joinder, "[t]he district court should resolve all questions of fact and controlling law in favor of the plaintiff." **Cabalceta v. Standard Fruit Co.**, 883 F.2d 1553, 1561 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have [sic] a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." **Triggs**, 154 F.3d at 1287. "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." **Crowe**, 113 F.3d at 1538.

In this case, the defendants contend that the nondiverse defendant, AmSouth, has been fraudulently joined because the claims against it are legally invalid and barred by the statute of limitations as well, so that there is no possibility that Foston could establish a cause of action against AmSouth in state court. **Triggs**, 154 F.3d at 1287. Here, the court will focus on the fraud claim that Foston alleges, which is just one of several of her claims.

In her Second Amended Complaint, Foston alleges that an agent of the Defendants made false representations to her that were known to be false when made and these representations induced her to purchase what she thought was a group health insurance policy, when in fact it was not a group policy. See Pl. Sec. Am. Compl. 7-8.

5

Defendants allege that this claim cannot succeed because for three reasons: AmSouth had no role in calculating or administering Foston's premiums; Foston cancelled her policy before she ever had to pay the actual increase and therefore suffered no damage; and Foston did not particularly identify the parties who perpetrated the fraud as required under Federal Rule of Civil Procedure 9(b). Defendants also allege that Foston's claims are barred by Alabama's two year statute of limitations for fraud claims under Alabama Code Section 6-2-3.

Foston claims that an agent of AmSouth made fraudulent representations to her. Alabama Law recognizes that "fraud by one accompanied by damage to the party defrauded in all cases gives a right of action." *See* Ala. Code § 6-5-100. Foston alleges that AmSouth had a stated duty as trustee to procure group health insurance, AmSouth was the policy owner of the health insurance, and it was represented to Foston that she was purchasing group health insurance. Pl. Exh. B.

Foston argues that even though AmSouth did not conduct the daily administrative work in handling the policies, the company was aware or should have been aware of the status of the policy and whether it was a group health insurance policy, and should not have misrepresented the status of the policy to her. *See* Pl. Reply to Def. Opp. To Motion for Remand, 4. Since Foston alleges that the defendants made false representations consistent with a claim of fraud under Alabama law, and she has a possibility of proving these allegations against AmSouth, Defendants' argument regarding the strength of this claim does not demonstrate that AmSouth is fraudulently joined. Ultimately, the defendants do not

6

sufficiently demonstrate that there is no possibility that a state court would find that Foston brought a colorable fraud claim against AmSouth.

The defendants next argue that even if Foston has a colorable claim, it is still barred because the statute of limitations expired before Foston filed her claim, since she did not commence the action within two years after she knew or should have known about the alleged fraud. Defendants argue that Foston had a duty to inquire when her premiums increased and that, had she inquired into the reason for the increase, she would have discovered the alleged fraud. Alternatively, the defendants argue that the fraud accrued at the time of purchase of the policy and that the statute of limitations should be calculated from that date in September 1996.

In this case, Foston alleges in the complaint that, although her premiums increased, based on the representations of Defendants, she had no reason to suspect that the increase was not based on the group claims experience. Therefore, Foston argues, the mere fact that the premiums increased would not have put her on notice that she might not actually have purchased group health insurance.

Instead, Foston alleges in her Second Amended Complaint that her first reasonable notice of the fraud came when she received an opt-out notice directed to potential class members including herself in ***Vivian Gadson v. United Wisconsin Life, American Medical Security, and AmSouth Bank, et. al.*** (Montgy. Co. Cir. Court, CV2002-1601, 8 June 2004) (Opt-Out Notice to Class Members). That case alleged that defendants engaged in tier rating that might have affected her policy, and put Foston on notice of a possible claim that the

7

policy sold to her was not a group policy after all. Therefore, Foston alleges that since she first had notice of potential fraud sometime after 8 June 2004, the statute of limitations was tolled until June 2004, and she filed suit within two years after she knew or had reason to know of the fraud. *See* Ala. Code § 6-2-3.

While either the statute of limitations defense or the substantive arguments advanced by the defendants ultimately may be determined by a state court to be meritorious, based on the allegations of the Second Amended Complaint, and construing all factual and legal questions in favor of Foston, the court cannot conclude that there is no possibility Foston could establish a cause of action against resident defendant AmSouth in state court. *See Wright v. Am. Gen. Life & Ins. Co.*, 136 F. Supp. 2d 1207, 1214 (M.D. Ala. 2001) (no fraudulent joinder where plaintiff alleged facts as a basis for tolling the statute of limitations). Accordingly, because the defendants fail to show that Foston has been fraudulently joined, diversity jurisdiction does not exist in this case.[3]

## V.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that because the court lacks diversity jurisdiction in this case, the Motion to Remand should be GRANTED.

It is further ORDERED that:

---

[3] The lack of complete diversity of the parties forecloses the need for any discussion of the issues raised regarding the amount in controversy or other substantive claims in this case.

The parties shall file any objections to this Recommendation on or before **2 September 2005.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982). *See* ***Stein v. Reynolds Secs., Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

DONE this 18th day of August, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE